**UNITED STATES of America, Appellee,**

v.

**Ronald Lee BLEVINS, Appellant.**

No. 85–5247.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1986.

Decided Oct. 9, 1986.

S. Strother Smith, Abingdon, Va., for appellant.

Roberta A. Motherway, Third Year Law Student (John P. Alderman, U.S. Atty., Thomas J. Bondurant, Asst. U.S. Atty., Roanoke, Va., on brief), for appellee.

Before WIDENER, HALL and CHAPMAN, Circuit Judges.

WIDENER, Circuit Judge:

Ronald Blevins appeals from his conviction for possession of a firearm under 18 U.S.C.App. § 1202(a)(1)[1] in the United States District Court for the Western District of Virginia on August 26, 1985. We affirm.

Blevins was born September 4, 1955. In 1973, he was arrested for statutory burglary. Because Blevins was seventeen years old at that time, he was still under the jurisdiction of the Juvenile and Domestic Relations Court. On September 18, 1973, that court certified Blevins to be tried as an adult in a Virginia circuit court, using the following language as read into the transcript apparently from the Virginia Juvenile and Domestic Relations Court records:

It is adjudged and the within named [Blevins] comes within the purvue [sic] of the aforementioned law [VA.CODE § 16.1–269], child is a minor, and that the welfare and best interests of said child, require that the court finds sufficient evidence for findings of probable cause, and that this case is remanded to the next regular session of the Smyth County Grand Jury, and defendant is remanded.

Other than the certification quoted above, there is no other record relied upon here of Blevin's transfer to the Circuit Court of Smyth County.[2] On November 16, 1973, Blevins was tried by a jury and found guilty of statutory burglary.

On April 21, 1976, Blevins was again tried by a Virginia jury on a charge of statutory burglary. Once again, he was found guilty and convicted.

On June 16, 1981, Blevins was tried for a third time by a Virginia jury, this time on a charge of robbery. Again, he was found guilty and convicted.

On May 16, 1985, a federal grand jury indicted Blevins for possession of a firearm after having been convicted of three felonies involving burglary or robbery, in violation of 18 U.S.C.App. § 1202(a)(1). On August 26, 1985, Blevins entered a guilty plea to this charge, conditioned on the preservation of his right to appeal the issue presented herein. The district court then sentenced Blevins to fifteen years' imprisonment as required under the statute. See note 1, *supra*.

Blevins raises one issue on appeal. He contends that because the juvenile court

---

1. Section 1202(a) provides in pertinent part:
   Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof, . . .
   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both. In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and

imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
18 U.S.C. § 1202(a) (1982).

2. There are various papers from the Virginia courts in the record. The government is content to rely on *Lewis*, however, without going into the contents of those records in any detail, and the defendant also has not advised us in any great detail of the defects claimed in the Virginia proceedings.

improperly transferred him to the circuit court for trial as an adult in 1973, the circuit court never gained proper jurisdiction over Blevins. Thus, Blevins contends that his 1973 conviction for statutory burglary is null and void and cannot serve as a predicate for his subsequent federal prosecution under 18 U.S.C.App. § 1202(a).

■ Section 16.1–176 of the Virginia Code then in effect (Va. Acts of Assembly, 1973, c. 440) provided that the juvenile court could transfer an accused minor to the appropriate Virginia circuit court for trial as an adult, if the offense with which the minor is charged would be a felony if committed by an adult, and if the minor was fifteen years old at the time he committed the alleged offense. VA.CODE § 16.1–176 (1973). To make such a transfer, the transferring judge must have conducted a transfer hearing, see generally *Evans v. Cox*, 327 F.Supp. 1057, 1059 (E.D. Va.1971), and he must have made the following findings:

(i) there is probable cause to believe that the child committed the delinquent act alleged;

(ii) the child is not amenable to treatment or rehabilitation as a juvenile through available facilities, considering such factors as the nature of the present offense, the nature of the child's prior delinquency record, the nature of past treatment efforts, and the nature of the child's response to past treatment efforts;

(iii) the child is not committable to an institution for the mentally retarded or mentally ill; and

(iv) the interests of the community require that the child be placed under legal restraint or discipline.

VA.CODE § 16.1–176(a)(4) (1973).

Absent such findings, the circuit court never gains jurisdiction over the minor to try him as an adult. See *Matthews v. Commonwealth*, 216 Va. 358, 361, 218 S.E.2d 538, 541 (1975); see also *Hailey v. Dorsey*, 580 F.2d 112, 116 (4th Cir.1978), cert. denied, 440 U.S. 937, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979). If it has no jurisdic-

tion, the circuit court's judgment of conviction is void in Virginia and may be so declared by any court in any direct or collateral proceeding in which the validity of the conviction is a question to be determined. See *Slaughter v. Commonwealth*, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981); *Wade v. Hancock*, 1 Hans. (76 Va.) 620, 626 (1882).

The record is not entirely clear in this case as to whether the juvenile court conducted a transfer hearing prior to its certification of Blevins to the circuit court for trial as an adult. For purposes of this appeal, however, we assume, without deciding, that the juvenile court did not conduct such a hearing, thereby rendering the certification invalid and depriving the circuit court of jurisdiction to try Blevins as an adult. Thus, we assume that Blevins' 1973 conviction for statutory burglary is void under Virginia law. Nevertheless, we do not consider such a conclusion to require reversal of Blevins' conviction for violating the federal gun statute.

■ The Supreme Court has held that in enacting § 1202(a), Congress did not intend to allow a defendant to question the validity of his predicate convictions as a defense to a charge under that provision. *Lewis v. United States*, 445 U.S. 55, 62–63, 100 S.Ct. 915, 919, 63 L.Ed.2d 198 (1980). *Lewis* points out that there is no indication in the legislative history of § 1202(a)(1) of any Congressional intent to require the government to prove validity of predicate conviction. It is the fact that the conviction exists, valid or invalid, that imposes the firearms disability on the defendant felon, a disability that exists until the conviction is vacated or the felon is relieved of his disability by the action of the proper authority. *Id.* at 60–61, 100 S.Ct. at 918; see also *id.* at 64, 100 S.Ct. at 920 (Congress clearly intended that felon clear his status before obtaining firearm); accord *Dickerson v. New Banner Inst.*, 460 U.S. 103, 111, 103 S.Ct. 986, 991, 74 L.Ed.2d 845 (1983). Thus, in a prosecution under the federal gun statutes, the validity of the underlying conviction is simply not a ques-

tion to be determined. Rather, the court need only consider whether, in fact, the defendant has been convicted, and, if he has, if the conviction has been rendered a nullity by action of proper authority.

█ In our case, it is undisputed that Blevins was convicted in 1973 of statutory burglary. There has been, moreover, no action to render that conviction a nullity. Consequently, the 1973 statutory burglary conviction may serve as a predicate for his conviction under 18 U.S.C.App. § 1202(a).

█ Relying on Virginia law, Blevins argues that he should be allowed to render his 1973 conviction a nullity in this federal prosecution. Virginia case law states that a criminal conviction rendered by a court without jurisdiction over the defendant is void and may be so declared by any court in which the validity of the judgment is a question to be determined. See *Wade v. Hancock*, 1 Hans. (76 Va.) 620, 626 (1882). As we have pointed out, however, the Supreme Court has held that the validity of a prior conviction is simply not a question to be determined in a federal prosecution under the gun laws. Thus, we must reject Blevins' argument in this regard.[3]

Accordingly, the judgment of the district court is

AFFIRMED.

---

**3.** We assume that if, as we have assumed for purposes of this appeal, Blevins' 1973 conviction is, in fact, void for lack of jurisdiction, the Virginia courts, upon proper application, would decide said conviction is a nullity. Should a Virginia court so decide, then our opinion should in no way be read to foreclose Blevins'

return to a federal court for consideration of the continued propriety of his federal gun law conviction. If that course of action is followed, we, of course, express no opinion on the merits of the various questions which may be presented.