COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


WILLIAM ALBERT DODSON
                                        OPINION BY
v.      Record No. 0981-95-2   JUDGE JOHANNA L. FITZPATRICK
                                        OCTOBER 8, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF MADISON COUNTY
                  Lloyd C. Sullenberger, Judge


          John G. Berry (Berry & Early, on brief), for
          appellant.

          John K. Byrum, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     William Albert Dodson (appellant) was convicted in a bench

trial of violating Code § 18.2-308.2, attempting to possess a

firearm after having been convicted of a felony.  On appeal, he

argues that the trial court erred in:  (1) finding that Code

§ 18.2-308.2 does not violate the constitutional prohibition

against ex post facto laws; (2) using a 1969 conviction for

breaking and entering as the predicate felony when he was a

juvenile at the time of the offense; (3) using his 1969

conviction as the predicate felony when that conviction was void

for lack of jurisdiction; (4) violating the double jeopardy

clause by allowing the Commonwealth to prosecute him for

attempting to possess a firearm after having been convicted of a

felony when he was acquitted of making a false statement on his

criminal history form; and (5) finding the evidence sufficient to

convict.  Finding no error, we affirm the conviction.

## BACKGROUND

In 1968, appellant, a seventeen-year-old juvenile, was arrested for the felony of breaking and entering.  He was indicted as an adult with three other adult defendants in November 1968 and waived a preliminary hearing.  An order of the circuit court recites that on January 2, 1969, before appellant entered a guilty plea, the circuit court recognized that appellant was a juvenile and ordered the probation officer to conduct an investigation and prepare a report pursuant to former Code § 16.1-176(b).[1]  Although the report submitted to the court

---

[1]Former Code § 16.1-175, in effect in 1969, provided as follows:

> If during the pendency of a criminal or quasi-criminal proceeding against any person in any other court it shall be ascertained that the person was under the age of eighteen years at the time of committing the alleged offense, such court shall forthwith transfer the case, together with all papers, documents and evidence connected therewith, to the juvenile court of the city or county having jurisdiction, provided if such is pending in a court of record, the judge thereof, in his discretion upon completion of an investigation as prescribed in § 16.1-176(b), may continue with the trial thereof.

(Emphasis added).  Former Code § 16.1-176(b) set forth the investigation requirements in juvenile cases as follows:

> In all cases under this section the court may, unless such information is otherwise available to it from a prior investigation and report to another court, require an investigation of the physical, mental and social condition and personality of the child or minor and the facts and

2

was styled "pre-sentence report," it included information about appellant's physical, mental, and social condition, his personality, and the facts and circumstances of the offense as required by Code § 16.1-176(b).  On March 3, 1969, the court considered the report and found appellant guilty as an adult of breaking and entering.  Appellant received a two-year penitentiary sentence that was suspended, and he was placed on probation for three years conditioned on good behavior.

On July 16, 1994, appellant went to Mountaineer Sporting Goods in Madison.  He spoke to the store owner, Harold Woodward (Woodward), about purchasing a .22 caliber rifle for his son. After Woodward showed appellant several rifles, appellant selected one and paid for it.  He also filled out federal and state firearm transaction forms, and waited while Woodward ran a background check.  Instant approval was not available, and Woodward told appellant to come back on the next business day. When appellant returned to the store, Woodward still had not received approval and told him to come back in a couple of days. Woodward was later notified that appellant was not approved for a firearm purchase.  On each visit to the store, appellant was alone.

(..continued)
           circumstances surrounding the violation of
           the law which is the cause of his being
           before the court. . . . [I]f the court
           requiring the investigation is a court of
           record, such investigation may be made by the
           officer provided for in § 53-243.

3

Appellant was charged with: (1) willfully making a materially false statement on the required criminal history consent form in violation of Code § 18.2-308.2:2; and (2) attempting to possess a firearm after having been convicted of a felony in violation of Code § 18.2-308.2.[2] He filed a pretrial

[2]Code § 18.2-308.2 provides, in pertinent part, as follows:

> A. It shall be unlawful for (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm or to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in § 18.2-308 A. A violation of this section shall be punishable as a Class 6 felony. Any firearm or any concealed weapon possessed, transported or carried in violation of this section shall be forfeited to the Commonwealth and disposed of as provided in § 18.2-310.
> B. The prohibitions of subsection A shall not apply to (i) any person who possesses a firearm or other weapon while carrying out his duties as a member of the armed forces of the United States or of the National Guard of Virginia or of any other state, (ii) any law-enforcement officer in the performance of his duties, or (iii) any person who has been pardoned or whose political disabilities have been removed pursuant to Article V, Section 12 of the Constitution of Virginia provided the Governor, in the document granting the pardon or removing the person's political disabilities, may expressly place conditions upon the reinstatement of the person's right

4

motion to dismiss the charges, arguing that: (1) Code § 18.2-308.2 violated the constitutional prohibition against _ex post facto_ laws; (2) under former Code § 16.1-179, his 1969 offense did not result in a "conviction" that could serve as the predicate felony in a prosecution under Code § 18.2-308.2; and (3) his 1969 conviction was void for lack of jurisdiction. In a January 26, 1995 letter opinion, the trial court denied the motion.

On February 15, 1995, the trial court dismissed the part of the indictment charging that appellant made a materially false statement under Code § 18.2-308.2:2. The trial court found that the criminal history consent form did not comply with the requirement in Code § 18.2-308.2:2(A) that the "form to be provided by the Department of State Police . . . shall include only . . . the identical information required to be included on the firearms transaction record required by regulations administered by the Bureau of Alcohol, Tobacco and Firearms of the U.S. Department of the Treasury." Appellant was convicted of

(..continued)
> to ship, transport, possess or receive firearms.
> C. Any person prohibited from possessing, transporting or carrying a firearm under subsection A, may petition the circuit court of the jurisdiction in which he resides for a permit to possess or carry a firearm. The court may, in its discretion and for good cause shown, grant such petition and issue a permit. The provisions of this section shall not apply to any person who has been granted a permit pursuant to this subsection.

5

violating Code § 18.2-308.2, attempting to possess a firearm after having been convicted of a felony.

## EX POST FACTO PROHIBITION

Appellant argues that Code § 18.2-308.2 violates the constitutional prohibition against ex post facto laws. Specifically, he contends that, by enacting a statute prohibiting a felon from possessing a firearm, the legislature added to his original punishment for the 1969 breaking and entering conviction by depriving him of his constitutional right to bear arms, and prohibited an act that was not unlawful at the time of his earlier conviction.

In considering this argument, the trial court determined that, "since defendant's allegedly illegal acts occurred in 1994, the 1989 proscription of possession of a firearm by a felon is not an ex post facto law although defendant's felony conviction was in 1969."

> An ex post facto law has been defined as:
> "any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed."

Collins v. Youngblood, 497 U.S. 37, 42 (1990) (quoting Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)). "The mark of an ex post facto law is the imposition of what can fairly be designated punishment for past acts." De Veau v. Braisted, 363 U.S. 144,

6

160 (1960).  If "the restriction of the individual comes about as <u>a relevant incident to a regulation of a present situation</u>," the law is not <u>ex</u> <u>post</u> <u>facto</u>.  <u>Id.</u> (emphasis added).

No <u>ex</u> <u>post</u> <u>facto</u> violation could have occurred in this case because "the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute under which [the appellant] was convicted."  <u>United States v. Brady</u>, 26 F.3d 282, 291 (2d Cir.), <u>cert. denied</u>, 115 S. Ct. 246 (1994).  <u>See</u> <u>also</u> <u>United States v. Jordan</u>, 870 F.2d 1310, 1314-15 (7th Cir.) (holding that no <u>ex</u> <u>post</u> <u>facto</u> violation occurred because the defendant was being punished for possessing a firearm as a felon, not for the three robberies he committed prior to the enactment of the firearm possession statute), <u>cert. denied</u>, 493 U.S. 831 (1989).

Code § 18.2-308.2 does not criminalize "an act previously committed," and in the instant case, the attempted firearm purchase occurred several years after the legislature amended Code § 18.2-308.2 to prohibit the possession of a firearm by any convicted felon.  Additionally, like the federal firearm statute, Code § 18.2-308.2 does not impose "punishment" for the underlying felony.  Instead, the prohibition of firearm possession by convicted felons "comes about as a relevant incident to" the state regulation of firearms.  Thus, we hold that Code § 18.2-308.2 is not an unconstitutional <u>ex</u> <u>post</u> <u>facto</u> law.

**THE USE OF 1969 CONVICTION**

7

Appellant also asserts that the trial court erred in using his 1969 conviction as the predicate felony because he was a juvenile at the time of the commission of the prior offense. He argues that, by using his 1969 conviction, the trial court deprived him of the statutory protection of Code § 16.1–179.

Former Code § 16.1–179, in effect at the time of appellant's 1969 conviction, provided, in relevant part:

> Except as otherwise provided, no adjudication or judgment upon the status of any child under the provisions of this law shall operate to impose any of the disabilities ordinarily imposed by conviction for a crime, nor shall any such child be denominated a criminal by reason of any such adjudication, nor shall such adjudication be denominated a conviction.

The trial court found as follows:

> This court finds that § 16.1–179, in effect in 1969, excluded defendant from its protective terms. Defendant at time of conviction was properly before a court of record and was sentenced in accordance with the criminal laws of Virginia. The statute did not apply to one in his situation.

The trial court also determined that, because appellant was not entitled to the protections of Code § 16.1–179, Code § 18.2–308.2 was not an ex post facto law as applied to him.

In Kiracofe v. Commonwealth, 198 Va. 833, 97 S.E.2d 14 (1957), the Supreme Court of Virginia explained the rationale behind Code § 16.1–179 as follows:

> [Code § 16.1–179] originated in a policy not to permit the same uses to be made of records of juvenile courts as are frequently made of criminal records of courts of general jurisdiction, for the reason that juvenile

8

> proceedings are corrective in nature rather
> than penal.  The child is looked upon not as
> a bad man, who should be punished but as an
> erring child who needs help.  The primary
> function of the juvenile courts properly
> considered is not conviction or punishment
> for crime; but crime prevention and juvenile
> rehabilitation.

Id. at 844, 97 S.E.2d at 21 (emphasis added).  However, the court

had earlier recognized that the legislature had made different

provisions for children who committed serious offenses.

> The trial and punishment of minor
> offenders follows the regular criminal
> procedure, modified, in certain respects, by
> the statutes setting up juvenile and domestic
> relations courts.  These statutes have
> established a system whereby most juvenile
> offenders are first subjected to the
> jurisdiction of the juvenile courts for
> proceedings therein designed to subject such
> offenders to the supervision and control of
> the State in a manner in which the delinquent
> ways of the child will be corrected and he be
> made to lead a correct life.
> But the provisions contained in these
> statutes clearly show that the legislature
> recognized that children who have committed
> grave offenses could not be properly dealt
> with according to the methods and procedure
> established by such legislation.  For this
> reason the regular criminal procedure . . .
> of circuit courts . . . [is] retained.

Mickens v. Commonwealth, 178 Va. 273, 279, 16 S.E.2d 641, 643-44

(emphasis added), cert. denied, 314 U.S. 690 (1941).  See also

State v. Ross, 405 S.E.2d 158, 166-67 (N.C. 1991) (the defendant

"was tried in the [Virginia] Circuit Court as an adult and

sentenced in the Circuit Court as an adult" and thus "the

Virginia conviction was not a juvenile adjudication").

"[T]he plain, obvious, and rational meaning of a statute is

9

always preferred to any curious, narrow or strained construction; a statute should never be construed so that its leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). The plain meaning of former Code § 16.1-179 is that it applies only to proceedings conducted in the juvenile and domestic relations district court, "under the provisions of [juvenile] law," and not to criminal proceedings conducted in the circuit court. The language of the statute distinguishes between an "adjudication" of the status of a child and a "conviction" as an adult.[3] The legislature has clearly determined that the policy of juvenile rehabilitation behind Code § 16.1-179 is not served by expanding the statute's coverage to those juveniles who are properly retained by the circuit court to be tried as adults, convicted as adults, and sentenced as adults. We hold that appellant was not entitled to the protections of

---

[3]In Georgia, the juvenile law similar to that of Virginia provides that, "when a juvenile is adjudicated to be a delinquent by a juvenile court, the adjudication is not regarded as a criminal conviction." Carrindine v. Ricketts, 223 S.E.2d 627, 628-29 (Ga. 1976). However, the Supreme Court of Georgia has held as follows:

> A juvenile whose case is properly transferred to the superior court is subject to the criminal sanctions which may be imposed in that court. Thus, it is clear from the Georgia jurisdictional scheme and the nature of adjudicatory proceedings in juvenile court that an adjudication of guilt of a juvenile in superior court is a criminal adjudication.

Id. at 629 (emphasis added).

former Code § 16.1-179 because the circuit court properly tried and sentenced him as an adult.  No ex post facto violation occurred because Code § 18.2-308.2 did not retroactively deprive appellant of any protection under Code § 16.1-179.

### COLLATERAL ATTACK ON THE PREDICATE FELONY

Appellant next argues that his 1969 conviction is void for lack of jurisdiction because the report that the trial court received did not comply with the requirements of former Code § 16.1-176(b).  Specifically, he contends that the report was nothing more than an adult presentence report.  The Commonwealth argues that the same rationale adopted by the United States Supreme Court's decision in Lewis v. United States, 445 U.S. 55 (1980), should control this case.  We agree.

In Lewis, the United States Supreme Court interpreted 18 U.S.C. §§ 922 and 1202 (federal firearm possession statutes included in the Omnibus Crime Control and Safe Streets Act of 1968) and held that the plain meaning of § 1202 indicated that "the fact of felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon."  445 U.S. at 60-61.  The defendant in Lewis argued that his prior felony conviction was invalid because he was not aided by counsel at the time of conviction.  Id. at 57-58.  However, the Supreme Court determined that the legislative history of the federal firearm possession statutes and the language of the

11

statutes established an intent "that the defendant clear his status <u>before</u> obtaining a firearm, thereby fulfilling Congress' purpose 'broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous.'" <u>Id.</u> at 64-65 (quoting <u>Barrett v. United States</u>, 423 U.S. 212, 218 (1976)). The Supreme Court also noted that the Omnibus Act contained specific exceptions to the prohibition against the possession of a firearm by a felon, including any "person who has been pardoned and who has been expressly authorized to receive, possess, or transport a firearm." <u>Lewis</u>, 445 U.S. at 61-62 (citing 18 U.S.C. § 1203).

In <u>United States v. Blevins</u>, 802 F.2d 768 (4th Cir. 1986), the United States Court of Appeals for the Fourth Circuit followed the rationale of <u>Lewis</u> in a similar case. In <u>Blevins</u>, the defendant argued that, "because the juvenile court improperly transferred him to the circuit court for trial as an adult in 1973, the circuit court never gained proper jurisdiction over [him]." 802 F.2d at 769-70. The court quoted former Code § 16.1-176 and recognized that, when a court fails to make the required findings under Code § 16.1-176, "the circuit court never gains jurisdiction over the minor to try him as an adult," and its "judgment of conviction is void in Virginia and may be so declared by any court in <u>any direct or collateral proceeding in which the validity of the conviction is a question to be determined</u>." <u>Id.</u> at 770 (emphasis added). Assuming that the

12

defendant's prior conviction was void under Virginia law, the court held as follows:

> Lewis points out that there is no indication in the legislative history of § 1202(a)(1) of any Congressional intent to require the government to prove validity of predicate conviction. It is the fact that the conviction exists, valid or invalid, that imposes the firearms disability on the defendant felon, a disability that exists until the conviction is vacated or the felon is relieved of his disability by the action of the proper authority. Thus, in a prosecution under the federal gun statutes, the validity of the underlying conviction is simply not a question to be determined. Rather, the court need only consider whether, in fact, the defendant has been convicted, and, if he has, if the conviction has been rendered a nullity by action of proper authority.

Id. at 770-71 (emphasis added) (citations omitted).

The rationale of Lewis and Blevins applies to this case. Like the federal firearms statutes examined in Lewis, Code § 18.2-308.2 specifically provides exceptions to the broad prohibition against the possession of firearms by felons. Under subsection (B)(iii), a person who is pardoned is exempted from the proscription of Code § 18.2-308.2(A). Additionally, under subsection (C), any person with a firearm disability may petition the circuit court in the jurisdiction in which he resides for a gun permit. Thus, the plain meaning of Code § 18.2-308.2 indicates that the legislature did not intend for a felon to be able to collaterally attack the validity of his or her predicate felony conviction in a prosecution under the statute. Relying on

13

Blevins, we hold that the validity of the underlying conviction is not an issue in a prosecution under Code § 18.2-308.2, and therefore the trial court in this case properly used appellant's 1969 conviction as the predicate felony.

Additionally, the trial court at the time of the 1969 offense complied with former Code § 16.1-176(b) and properly exercised jurisdiction over appellant.  In a January 26, 1995 letter opinion, the trial court for the present offense found as follows:

> [I]n defendant's case in 1969, prior to conviction the court recognized that defendant was a juvenile and ordered a report pursuant to the applicable statute.  While the report on defendant, entitled "pre-sentence report", is formatted like those of his adult co-defendants . . . the contents of the report include information about the physical condition (height, weight, health history), mental condition (I.Q. test results from school), social conditions (family development, educational attainment), and the personality of the juvenile (addressed variously).  Also addressed are the facts and circumstances of the offense including the juvenile's role therein.
>
> This court does not find that the court in the earlier proceeding, aware that a juvenile was before it and having ordered a report as required by statute . . . and having received and considered a report on the juvenile before finding him guilty and sentencing him as an adult, was without jurisdiction so as to render the earlier conviction void.

Former Code § 16.1-176(b), in effect in 1969, provided as follows:

> In all cases under this section the court may, unless such information is

14

> otherwise available to it from a prior investigation and report to another court, require an investigation of the physical, mental and social condition and personality of the child or minor and the facts and circumstances surrounding the violation of the law which is the cause of his being before the court. . . . [I]f the court requiring the investigation is a court of record, such investigation may be made by the officer provided for in § 53-243.

Additionally, former Code § 16.1-175 stated as follows:

> If <u>during the pendency of a criminal or quasi-criminal proceeding against any person in any other court it shall be ascertained that the person was under the age of eighteen</u> years at the time of committing the alleged offense, such court shall forthwith transfer the case, together with all papers, documents and evidence connected therewith, to the juvenile court of the city or county having jurisdiction, <u>provided if such is pending in a court of record, the judge thereof, in his discretion upon completion of an investigation as prescribed in § 16.1-176(b), may continue with the trial thereof</u>.

(Emphasis added). Under this statutory scheme, if a circuit court decided to retain jurisdiction over a juvenile, former Code § 16.1-177 authorized the court to "sentence or commit the juvenile offender in accordance with the criminal laws of this State or . . . [to] deal with the juvenile in the manner prescribed in this law for the hearing and disposition of cases in the juvenile court."

The Supreme Court of Virginia has held that the investigation required by the juvenile transfer statute is "mandatory" and that either the juvenile and domestic relations district court or the circuit court may order the investigation.

15

Tilton v. Commonwealth, 196 Va. 774, 784-85, 85 S.E.2d 368, 374 (1955).  In Tilton, the Commonwealth proceeded against the juvenile defendant by seeking an indictment in the circuit court.  After the circuit court tried and convicted the juvenile, it ordered the probation officer to conduct a presentence investigation and prepare a report.  Id. at 776-77, 85 S.E.2d at 369-70.  The Supreme Court held as follows:

> "[A] full and complete investigation of the physical, mental and social condition and personality of the child or minor and the facts and circumstances surrounding the violation of the law which is the cause of his being before the court," whether made under the direction of the court of record or the juvenile court, will give the court of record information upon which to exercise its judicial discretion in determining whether, under the provisions of [Code § 16.1-176], the case should be transferred to the juvenile court or the trial proceeded with in the court of record.

Id. at 787-88, 85 S.E.2d at 375.  In Tilton, because the presentence report was not ordered pursuant to the juvenile transfer statute or before the trial and conviction of the juvenile defendant, the Supreme Court reversed the conviction. Id. at 788-89, 85 S.E.2d at 376.

In the instant case, the court in the earlier proceeding complied with Code § 16.1-176(b) and properly exercised jurisdiction over appellant.  The record shows that, in 1969, the circuit court ordered an investigation and report prior to an adjudication of guilt and pursuant to the juvenile transfer statute, Code § 16.1-176(b).  Code § 16.1-175 authorized the

16

circuit court to retain jurisdiction over appellant and order the investigation.  Furthermore, in 1969, Code § 16.1-177 allowed the judge to try appellant as a juvenile or as an adult.[4]  Thus, we hold that appellant's prior conviction is not void for lack of jurisdiction.

**DOUBLE JEOPARDY**

Appellant next argues that his acquittal for making a false statement on the criminal history consent form barred his prosecution for attempting to possess a firearm after having been convicted of a felony.  He asserts that the direct act supporting the attempt charge under Code § 18.2-308.2 was the same act prohibited by Code § 18.2-308.2:2.

Appellant's argument that he was acquitted of the charge under Code § 18.2-308.2:2(K) and thus improperly retried under Code § 18.2-308.2 is without merit.  "A dismissal [of an indictment] qualifies as an acquittal for double jeopardy purposes when it is granted pursuant to a factual, as opposed to legal, defense."  Greenwalt v. Commonwealth, 224 Va. 498, 500, 297 S.E.2d 709, 710 (1982).  In this case, the trial court

---

[4]Since 1969, the juvenile transfer statutes have been modified extensively.  Under Code § 16.1-241(A)(1), the juvenile and domestic relations district courts have exclusive, original jurisdiction over criminal offenses alleged to have been committed by a juvenile.  A petition filed in the juvenile and domestic relations district court pursuant to Code § 16.1-260(A) and a transfer hearing conducted in accordance with Code § 16.1-269.1 are prerequisites to the circuit court acquiring jurisdiction over a juvenile defendant.  Burfoot v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (1996).

17

dismissed the indictment under Code § 18.2-308.2:2(K), because the criminal history consent form did not comply with statutory requirements. Thus, the dismissal was not an acquittal for double jeopardy purposes, and double jeopardy did not bar prosecution of appellant under Code § 18.2-308.2.

## SUFFICIENCY OF THE EVIDENCE

In Virginia, "'[a]n attempt to commit a crime is composed of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission.'" Goodson v. Commonwealth, 22 Va. App. 61, 74, 467 S.E.2d 848, 855 (1996). "When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Appellant visited Woodward's store; examined several guns; selected the gun to be purchased; paid for the gun; and returned to the store to take possession of the gun. Although appellant told Woodward that he was buying the gun for his son, appellant was alone each time he visited the store. His argument that someone other than he could have picked up the gun is not supported by the record. Under these circumstances, we hold that sufficient evidence supported appellant's conviction for attempting to possess a firearm after having been convicted of a felony.

18

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.

Benton, J., concurring.


I concur in the opinion except for a portion of the section styled "COLLATERAL ATTACK ON THE PREDICATE FELONY." I do not agree that Lewis v. United States, 445 U.S. 55 (1980), and United States v. Blevins, 802 F.2d 768 (4th Cir. 1986), which applies Lewis, are applicable to this case. The holding in Lewis is based upon the United States Supreme Court's (1) review of legislative history to determine Congress' intent in passing the Omnibus Crime Control and Safe Streets Act of 1968, and (2) application of federal criminal law. The congressional intent when enacting that law and general rules of federal criminal law do not control our obligation to apply Virginia law in cases that do not implicate federal constitutional rights or the Supremacy Clause.

Furthermore, in this case we do not need to decide whether Lewis is dispositive in a Virginia proceeding where there is a valid claim that a conviction is void under Virginia law. Cf. Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947) (In Virginia, "where . . . jurisdiction is lacking in a particular case, it is a settled rule that any judgment . . . rendered therein is coram non judice, and void for all purposes"). The record clearly establishes that in 1969 the trial judge complied with former Code § 16.1-176(b) and properly obtained jurisdiction to try and sentence Dodson. Dodson has failed to establish that the trial judge lacked jurisdiction and

20

that his conviction was void.  Accordingly, the majority's discussion and application of the rule announced in <u>Lewis</u> is dicta.

For these reasons, and for the other reasons discussed in the majority opinion, I would affirm the conviction.