COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


MICHAEL GENE BODINE
                                                MEMORANDUM OPINION* BY
v.        Record No. 0779-05-2           CHIEF JUDGE WALTER S. FELTON, JR.
                                                  NOVEMBER 7, 2006
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Bradley B. Cavedo, Judge

              Christopher C. Booberg (Michael Morchower, on brief), for
              appellant.

              Eugene Murphy, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Michael Gene Bodine ("appellant") appeals his convictions for twenty-four counts of

possession of child pornography in violation of Code § 18.2-374.1:1.  Appellant was sentenced

to a total of twenty-four months imprisonment.  On appeal, he contends that his prosecution

violated his constitutional right to be free from *ex post facto* punishment.  For the reasons that

follow, we affirm.

                                      BACKGROUND

        On September 4, 2003, police interviewed appellant's roommate regarding child

pornography he found on appellant's computer.  On September 9, 2003, based on the

roommate's affidavit, police executed a search warrant at appellant's residence.  The search

resulted in discovery of four hard drives, multiple zip disks, and multiple 3.5-inch diskettes that

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

contained images of child pornography. The trial court found the evidence presented at trial

sufficient to support appellant's convictions.

ANALYSIS

Although appellant argued in his brief and during oral argument that the evidence was not

sufficient to support his convictions, we did not grant that question on appeal. We will only

consider "those arguments presented in the petition for appeal and granted by this Court." Parker

v. Commonwealth, 42 Va. App. 358, 373, 592 S.E.2d 358, 366 (2004) (citing Rule 5A:12). The

sole question on which we granted an appeal is whether appellant's prosecution under Code

§ 18.2-374.1:1 violated his "constitutional right to be free from *ex post facto* punishment."

On July 6, 2004, appellant was indicted for felony possession of child pornography in

violation of Code § 18.2-374.1:1. Previously, on July 1, 2003, the General Assembly increased

the penalty for possession of child pornography from a Class 1 misdemeanor to a Class 6 felony.

2003 Va. Acts, chs. 935, 938. In order to convict appellant of possession of child pornography,

the Commonwealth was required to prove beyond a reasonable doubt that he "knowingly

possesse[d] any sexually explicit visual material utilizing or having as a subject a person less

than 18 years." Code § 18.2-374.1:1. Appellant contends that the material he was found guilty

of possessing was either created or last accessed in December 2000, at a time when possession of

child pornography was a Class 1 misdemeanor.

An *ex post facto* law has been defined as:

> any statute which punishes as a crime an act previously committed,
> which was innocent when done; which makes more burdensome
> the punishment for a crime, after its commission, or which
> deprives one charged with crime of any defense available
> according to law at the time when the act was committed.

Collins v. Youngblood, 497 U.S. 37, 42 (1990) (citations omitted). "'The mark of an *ex post*

*facto* law is the imposition of what can fairly be designated punishment for past acts.'" Dodson

v. Commonwealth, 23 Va. App. 286, 294, 476 S.E.2d 512, 516 (1996) (quoting De Veau v. Braisted, 363 U.S. 144, 160 (1960)). While "[t]he United States Constitution, article 1, § 10, and the Virginia Constitution, article 1, § 9, prohibit the Commonwealth from enacting *ex post facto* laws," Kitze v. Commonwealth, 23 Va. App. 213, 216, 475 S.E.2d 830, 832 (1996) (citations omitted), we find no *ex post facto* violation on the record before us. Appellant was indicted for possession of child pornography on September 9, 2003, two months after possession of child pornography became a felony under Code § 18.2-374.1:1. The Commonwealth met its burden of establishing that on September 9, 2003, appellant was aware of and knowingly possessed child pornographic materials on his computer and accessories, and we earlier affirmed that finding. Bodine v. Commonwealth, Record No. 0779-05-2 (Va. Ct. App. Dec. 12, 2005, April 6, 2006). The mere fact that some of appellant's acts proving his possession in September 2003 occurred before the change in the law does not preclude application of the new law. See Dodson, 23 Va. App. at 295, 476 S.E.2d at 516 (holding that Code § 18.2-308.2 was not an unconstitutional *ex post facto* law in that prosecution).

The trial court found that appellant continued to possess the child pornographic images at the time of his arrest, notwithstanding the date the images were originally downloaded. Accordingly, we affirm appellant's convictions for possession of child pornography.

Affirmed.