COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Beales, Alston and Huff
Argued by teleconference


DEMETRIE LAMONT WATKINS

                                                        OPINION BY
v.        Record No. 1124-12-1                  JUDGE ROSSIE D. ALSTON, JR.
                                                        AUGUST 6, 2013

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Charles E. Poston, Judge

              J. Barry McCracken, Assistant Public Defender (Office of the
              Public Defender, on brief), for appellant.

              Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


        Demetrie Lamont Watkins (appellant) appeals his conviction of attempting to knowingly

and intentionally possess or transport a firearm after having been convicted of a felony, in

violation of Code §§ 18.2-26 and -308.2.  On appeal, appellant alleges that the trial court "erred

in denying [his] motion to set aside the verdict because the evidence failed to establish that

[appellant] committed an overt act that was well calculated to accomplish the purpose of

possessing or transporting a firearm."  Finding no error, we affirm.

                                    I.  Background

        Appellant pled guilty to possession of cocaine, a felony, in April 2007.[1]  Pursuant to

Code § 18.2-251, the trial court took the matter under advisement and placed appellant on

probation for two years "as a first offender."  In August 2008, the trial court held a probation

revocation hearing, and after hearing and finding appellant in violation of the terms and

        ---

        [1] Appellant's conviction for possession of cocaine is not at issue in the instant appeal.

conditions of his probation, the trial court entered an order in September 2008 finding appellant guilty of possession of cocaine. Upon this conviction, the trial court sentenced appellant to twelve months' imprisonment, with all twelve months suspended, and again placed appellant on probation.

On December 31, 2010, appellant visited a gun store owned by Ronnie Hess in Norfolk, Virginia. During this visit, appellant picked out a 9mm Hi-Point carbine gun. Appellant filled out State Police form SP-65, the "Virginia Firearms Transaction Record." Appellant also completed the federal Bureau of Alcohol, Tobacco, and Firearms' form 4473, entitled "Firearms Transaction Record Part I – Over-the-Counter." Both forms are used to determine whether a potential purchaser is prohibited from receiving a firearm by law.

Section 7, Question 7 of form SP-65 asked, "Have you been convicted of a felony offense or found guilty or adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act?" Appellant answered the question "no" and initialed next to it. Appellant did not answer all of the questions on form 4473, including the question about whether he had a prior felony conviction. After paying for the gun and signing a receipt for it, appellant left the store without the gun and drove away.

As required by Code § 18.2-308.2:2(B), Hess contacted the State Police to ensure appellant was eligible to purchase the gun. The State Police "put him on delay to do further research" and then called back later to deny the approval for the purchase.

After Hess received the denial from the State Police, appellant returned to the store and told Hess he wanted to cancel the order. Hess refunded appellant 50% of his payment and wrote "customer canceled" on the receipt. Although the regular store policy provided that a customer whose purchase was denied because of his failure to pass the background check was not entitled

to any refund, Hess refunded half of appellant's money because appellant was polite when he canceled the order.

On March 7, 2010, the grand jury indicted appellant for attempting to knowingly and intentionally possess or transport a firearm after having been convicted of a felony, in violation of Code §§ 18.2-26 and -308.2.[2]

A bench trial commenced on March 27, 2012. At trial, appellant testified in his own defense. Appellant testified that he selected the gun and filled out the paperwork at Hess's store not because he wanted to obtain a gun, but rather in order to obtain a background check, because he was unsure if he had been convicted of a felony.[3] Appellant claimed that only after he paid Hess did Hess tell him that he would not get his money back if his background check was not approved. According to appellant, he and Hess argued, and Hess eventually agreed to give him half of his money back if he left and did not return. Appellant said he signed the receipt provided by Hess after Hess refunded half of his money.

At the conclusion of the trial, the trial court found appellant guilty of attempting to knowingly and intentionally possess or transport a firearm after having been convicted of a felony.

Appellant filed a motion to set aside the verdict on May 10, 2012. Appellant argued that the evidence was insufficient to prove an attempt to possess a firearm, because appellant did not commit an overt act intended to achieve the result of possessing a firearm. Appellant also argued that his cancellation of the transaction "nullified" any act that may have been intended to obtain the firearm. The trial court denied appellant's motion to set aside the verdict and on the

---

[2] The grand jury also indicted appellant for making a materially false statement on the consent form required to be completed pursuant to Code § 18.2-308.2:2. Appellant was not convicted of this charge, and it is not before us in the instant appeal.

[3] Appellant testified that he knew he was "on first offender status" but did not know if he had actually been convicted.

conviction sentenced appellant to twelve months' imprisonment, with five months suspended. This appeal followed.

## II. Analysis

On appeal, appellant argues that the trial court erred in denying his motion to set aside the verdict because the evidence failed to prove that he committed an overt act necessary to prove the attempted possession of the firearm.[4] "When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

> An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (citation omitted). Rather, the relevant question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009).

Code § 18.2-308.2(A) provides, in pertinent part, "It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm."

"An attempt is composed of two elements: the intent to commit the crime, and a direct, ineffectual act done towards its commission." Parsons v. Commonwealth, 32 Va. App. 576, 582, 529 S.E.2d 810, 813 (2000). "A direct, ineffectual act, done toward [the] commission of an offense need not be the last proximate act toward completion, but 'it must go beyond mere

---

[4] To the extent that appellant asserts on appeal that the evidence was insufficient to prove his intent to possess the firearm, we find no merit in this argument. The trial court, as the finder of fact, was entitled to reject as not credible appellant's testimony that he completed Virginia form SP-65 and federal form 4473 merely to determine whether he had been convicted of a felony. See Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.").

preparation and be done to produce the intended result.'" Fortune v. Commonwealth, 14

Va. App. 225, 229, 416 S.E.2d 25, 28 (1992) (quoting Tharrington v. Commonwealth, 2

Va. App. 491, 494, 346 S.E.2d 337, 339 (1986)).

> Although it is impossible to adopt a bright-line rule for
> distinguishing acts of mere preparation from acts that constitute an
> attempt, "it may be said that preparation consists [of] . . . arranging
> the means or measures necessary for the commission of the offense
> and that the attempt is the direct movement toward the commission
> after the preparations are made."

Siquina v. Commonwealth, 28 Va. App. 694, 701, 508 S.E.2d 350, 354 (1998) (quoting

Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946) (internal quotation

marks omitted)).

In Parsons, this Court held that the evidence was sufficient to support a defendant's

conviction for attempting to "purchase" a firearm as a convicted felon in violation of Code

§ 18.2-308.2(A)(ii).[5] 32 Va. App. at 583, 529 S.E.2d at 814. The defendant in Parsons had

"selected the weapon he wished to purchase and completed and signed the 'Virginia Criminal

History Check Form' . . . required of prospective purchasers of firearms." Id. at 579, 529 S.E.2d

at 812. The Court held, "Submitting the required Form is a direct act done toward the

completion of a felony, which is not materially different from the payment of the sale price of the

gun." Id. at 583, 529 S.E.2d at 814.

Similarly, in Dodson v. Commonwealth, 23 Va. App. 286, 303, 476 S.E.2d 512, 521

(1996), this Court affirmed a defendant's conviction for attempting to possess a firearm after

having been convicted of a felony in violation of Code § 18.2-308.2, where the defendant

---

[5] The defendant in Parsons was convicted of attempting to violate Code
§ 18.2-308.2(A)(ii). 32 Va. App. at 579, 529 S.E.2d at 811. Code § 18.2-308.2(A)(ii) forbids
certain individuals from "knowingly and intentionally possess[ing] or transport[ing]" firearms
and other items. The use of the term "purchase" by the Parsons Court in discussing the
defendant's culpability in violating the statute has no effect on the applicability of Parsons'
analytical framework to the instant case.

"visited [a sporting goods] store; examined several guns; selected the gun to be purchased; paid for the gun; and returned to the store to take possession of the gun." The defendant in Dodson "also filled out federal and state firearm transaction forms." Id. at 292, 476 S.E.2d at 515.

This Court's holdings in Parsons and Dodson control the case at bar. Viewing the evidence in the light most favorable to the Commonwealth, as we must on appeal, Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), the evidence showed that appellant picked out a 9mm Hi-Point carbine gun, filled out Virginia form SP-65 and federal form 4473 to obtain a background check, and paid for the gun. Appellant's actions in the instant case are indistinguishable from the actions of the defendants in Parsons and Dodson. Appellant's actions went beyond mere preparation and constituted a direct, albeit ineffectual act towards the commission of the crime. Thus, it was reasonable for the fact-finder to conclude that appellant arranged the means or measures necessary for the commission of the predicate offense of knowingly and intentionally possessing or transporting a firearm after having been convicted of a felony and that the attempt was a direct movement toward the commission of the offense after the preparations were made.

Appellant also argues that his cancellation of the purchase negates his criminal culpability. This argument finds no support in our jurisprudence. "'[I]f a man resolves on a criminal enterprise, and proceeds so far in it that his act amounts to an indictable attempt, it does not cease to be such, although he voluntarily abandons the evil purpose.'" Howard v. Commonwealth, 207 Va. 222, 229, 148 S.E.2d 800, 805 (1966) (quoting Glover v. Commonwealth, 86 Va. 382, 386, 10 S.E. 420, 421 (1889)). At the time appellant canceled his attempted purchase of the gun, "the attempt was complete," and, therefore, appellant's "abandonment came too late." Collins v. Commonwealth, 283 Va. 263, 272, 720 S.E.2d 530, 534 (2012).

For these reasons, we hold that the evidence was sufficient to support appellant's conviction and that the trial court did not err in denying appellant's motion to set aside the verdict.

<u>Affirmed.</u>