COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Decker
Argued at Norfolk, Virginia

KEVIN LAMONT MARTIN

OPINION BY
v.      Record No. 0719-14-1      JUDGE STEPHEN R. McCULLOUGH
APRIL 28, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John E. Clarkson, Judge

A. Robinson Winn, Deputy Public Defender (Dalton L. Glass,
Assistant Public Defender; Office of the Public Defender, on brief),
for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Kevin Lamont Martin was convicted of possessing a firearm as a convicted felon. He was

sentenced to the mandatory minimum in prison because he previously had been convicted of a

"violent felony," statutory burglary. The General Assembly did not classify statutory burglary as a

violent felony until after appellant was convicted of this offense. Martin argues that the "retroactive

recategorization" of his burglary conviction as a violent felony violates the Ex Post Facto Clause of

the Virginia and United States constitutions. Like the vast majority of courts to consider the issue,

we reject the argument and affirm.

BACKGROUND

Appellant was convicted of statutory burglary in Tazewell County in 1994. Code

§ 18.2-308.2(A), which was in place in 1994, prohibits any felon from possessing a firearm. The

offense is a Class 6 felony, punishable by a prison term of one to five years or, in the trier's

discretion, confinement up to one year, a fine up to $2500, or both. Code §§ 18.2-308.2(A), -10(f).

On October 13, 1994, the General Assembly classified statutory burglary as a "violent felony" under what is now Code § 17.1-805(C). See 1994 Va. Acts Spec. Sess. II chs. 1, 2. In 1999, the General Assembly amended Code § 18.2-308.2(A) to impose a mandatory minimum sentence of five years for any felon who possesses a firearm and who was previously convicted of a "violent felony," as defined in Code § 17.1-805. 1999 Va. Acts ch. 846.

The evidence established that on April 20, 2013, appellant, who was experiencing financial difficulties, stole a firearm from a friend and sold it. He later reimbursed his friend $400 to make up for the loss of the stolen gun.

Appellant was charged with larceny as well as possession of a firearm by a convicted felon. At sentencing, he argued that the Ex Post Facto Clause precluded him from being punished in 2013 as someone previously convicted of a violent felony when the felony in question was not classified as violent at the time of his conviction, in 1994. The trial court found the Ex Post Facto Clause inapplicable and imposed the mandatory five-year term. The court also convicted appellant of two larcenies, but those convictions are not at issue in this appeal.

ANALYSIS

Whether a law violates the Ex Post Facto Clause is a question of law that we review *de novo* on appeal. Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005).

Article I, Section 10 of the United States Constitution forbids the States from enacting any "ex post facto" law. The Latin phrase ex post facto means "after the fact." See Collins v. Youngblood, 497 U.S. 37, 41 (1990). In Federalist 84, Alexander Hamilton explained the necessity for such a clause, noting that

> [t]he creation of crimes after the commission of the fact, or, in other words, the subjecting of men to punishment for things which, when they were done, were breaches of no law, and the practice of arbitrary imprisonments, have been, in all ages, the favorite and most formidable instruments of tyranny.

The Federalist No. 84, at 511 (Alexander Hamilton) (Clinton Rossiter ed., 1999). A law violates this clause if, among other things, it "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull, 3 U.S. (3 Dall.) 386, 390 (1798) (opinion of Chase, J.).

### I. APPELLANT'S CONVICTION AND PUNISHMENT DO NOT OFFEND THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.

Appellant argues that his retroactive recategorization of the felony for which he was convicted as a violent felony offends the Ex Post Facto Clause. The United States Supreme Court addressed a similar argument in Gryger v. Burke, 334 U.S. 728 (1948). In that case, the defendant was sentenced to life in prison as a habitual criminal. Id. at 729. One of his predicate offenses for this life sentence occurred before Pennsylvania enacted its Habitual Criminal Act. See id. at 729. Rejecting the argument that the defendant's latest sentence was an "additional penalty for the earlier crimes" in violation of the Ex Post Facto Clause, the Court found, instead, that it was "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Id. at 732.

Similar arguments to the one made here have not met with much success since the decision in Gryger v. Burke. E.g., United States v. Mitchell, 209 F.3d 319, 322-23 (4th Cir. 2000); United States v. Brady, 26 F.3d 282, 290-91 (2d Cir. 1994); United States v. Gillies, 851 F.2d 492, 495-96 (1st Cir. 1988) (Breyer, J.); Finley v. State, 666 S.W.2d 701, 702-03 (Ark. 1984); Landers v. State, 299 S.E.2d 707, 710 (Ga. 1983); State v. Swartz, 601 N.W.2d 348, 350-51 (Iowa 1999); State v. Williams, 358 So. 2d 943, 945-46 (La. 1978); People v Tice, 558 N.W.2d 245, 246-47 (Mich. Ct. App. 1996).

Consistent with these holdings, in Dodson v. Commonwealth, 23 Va. App. 286, 476 S.E.2d 512 (1996), we rejected a similar claim of an ex post facto violation. In 1969, the defendant was convicted of breaking and entering. Id. at 292, 476 S.E.2d at 515. After this conviction, in 1979,

the General Assembly banned certain felons from possessing certain firearms, 1979 Va. Acts. ch. 474, and later extended the ban to all felons and all firearms, see 1989 Va. Acts ch. 514; 1986 Va. Acts ch. 409. In 1994, Dodson attempted to purchase a firearm. Dodson, 23 Va. App. at 292, 476 S.E.2d at 515. He was charged with, and convicted of, attempting to possess a firearm as a convicted felon. Id. at 292, 294, 476 S.E.2d at 515, 516. In rejecting the claim that the legislature had added to his punishment for breaking and entering, we held that "[n]o *ex post facto* violation could have occurred in this case because 'the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute under which [the appellant] was convicted.'" Id. at 295, 476 S.E.2d at 516 (alteration in original) (quoting Brady, 26 F.3d at 291).

The reasoning in Dodson controls. Appellant was not convicted or sentenced in violation of the Ex Post Facto Clause. When the General Assembly amended Code § 18.2-308.2(A) to define a burglary as a "violent felony," that amendment applied to the commission of future crimes. The fact that this punishment looked, in part, to a past offense does not punish or increase the punishment for the past offense. Instead, the General Assembly classified recidivists convicted of a violent felony differently, for purposes of punishment, from persons who had not been convicted of such felonies. Nobody is exposed to an increased penalty, unless he commits a new crime after the statutory amendment.

The cases appellant cites do not persuade us otherwise. Appellant relies on Preston v. Commonwealth, 281 Va. 52, 704 S.E.2d 127 (2011). In Preston, the Commonwealth produced a number of documents to establish that the defendant had been convicted of breaking and entering as a juvenile. Id. at 55-56, 704 S.E.2d at 128. The question before the Court was whether the Commonwealth's evidence established, beyond a reasonable doubt, that the defendant had been convicted of breaking and entering, a violent felony. Id. at 57, 704 S.E.2d at 129. The Court concluded that the records produced by the Commonwealth established the fact of conviction but

not the nature of the conviction.  Id.  It is readily apparent that Preston sheds no light on the issue before us.

Appellant also relies on Turner v. Commonwealth, 38 Va. App. 851, 568 S.E.2d 468 (2002).  The primary issues in that case were whether a conviction for "housebreaking" under the Uniform Code of Military Justice constituted a felony as contemplated by Code §§ 18.2-308.2(A) and 17.1-805 and, if so, whether it was a violent crime under those statutes.  Id. at 853, 568 S.E.2d at 469.  After determining that the offense was a felony for these purposes, id. at 857, 568 S.E.2d at 471, we concluded that "housebreaking" was not "substantially similar" to statutory burglary, id. at 862, 568 S.E.2d at 473.  As such, it was not a violent felony under Code §§ 18.2-308.2(A) and 17.1-805.  Id.  Turner has nothing to do with the Ex Post Facto Clause and is irrelevant to the issue at hand.

State v. Trower, 629 N.W.2d 594 (S.D. 2001), is more on point.  There, the Supreme Court of South Dakota, relying on a change in law similar to the one at issue here, held that prosecuting a felon using a past offense as a sentencing enhancement would violate the Ex Post Facto Clauses of the State and United States constitutions.  Id. at 598.  The defendant was convicted of possessing a firearm as a person previously convicted of a crime of violence.  Id. at 595.  In 1990, he had been convicted of sexual contact with a child under sixteen.  Id.  In 1992, the legislature classified sexual contact with a child as a "crime of violence."  Id. at 595-96.  On appeal, the defendant argued that,

> because sexual contact with a child was not defined as a crime of
> violence at the time of his 1990 conviction, his later conviction for
> possession of a firearm by a person convicted of a crime of violence
> constitutes greater punishment for his sexual contact offense than the
> law originally rendered at the time the crime was committed.

Id. at 596.  The South Dakota Supreme Court agreed, finding persuasive the reasoning of the United States Court of Appeals for the Eighth Circuit in United States v. Davis, 936 F.2d 352 (8th Cir. 1991).  The court reasoned that, "if the 1992 law limiting the right to possess firearms was applied

- 5 -

to a pre-1992 conviction, the effect would be to increase retroactively, in violation of the Ex Post Facto Clause, the punishment for the crime previously committed." Id. at 597. Two justices dissented on the basis that the defendant "was punished not for his earlier felony, but for the new and separate crime of which the prior felony was an element." Id. at 599 (Konenkamp, J., dissenting). The dissent in Trower also noted that many courts rejected the conclusion reached by the majority. Id. at 599-600. Among the dissent's cited cases is this Court's decision in Dodson, discussed above. Id. at 600. We think Trower's dissenting opinion reached the correct conclusion on this issue.

Likewise, we find unpersuasive the Eighth Circuit's decision in Davis. As relevant here, that appeal concerned the defendant's sentence on a federal conviction for possessing a firearm as a violent felon. Davis, 936 F.2d at 353. In 1971, he had been convicted of a burglary in Minnesota. Id. at 356. At the time, Minnesota law provided that a defendant's civil rights, including his right to possess a firearm, would be restored once he was discharged from his conviction. Id. In 1975, Minnesota enacted a law that barred any person convicted of a violent felony from owning a pistol. Id. The change in Minnesota law, in turn, affected Davis's sentencing on his later federal conviction. See id. at 354, 355-56. In a cursory analysis, the Eighth Circuit held that "it would be a violation of the Ex Post Facto Clause to apply retroactively the 1975 Minnesota law to Davis's 1971 conviction." Id. at 356. The court reasoned that, "[i]f the 1975 Minnesota law limiting the right to possess a pistol were to be applied to a pre-1975 conviction, the effect would be to increase retroactively, in violation of the Ex Post Facto Clause, the punishment for the crime previously committed." Id. at 357.

A number of courts have found Davis unpersuasive. See United States v. Liefert, 16 F. App'x 663, 664 (9th Cir. 2001) (mem.) ("[W]e have specifically rejected the reasoning in [Davis]."); United States v. O'Neal, 180 F.3d 115, 124-25 (4th Cir. 1999) (finding Davis

"unpersuasive"); State v. Peters, 622 N.W.2d 918, 924 (Neb. 2001) (concluding that Davis was not persuasive). It is also worth noting that, in United States v. Baca-Valenzuela, 118 F.3d 1223, 1231 (8th Cir. 1997), the Eighth Circuit held that, "'so long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, there is no ex post facto violation.'" Id. (quoting United States v. Farmer, 73 F.3d 836, 841 (8th Cir. 1996)). Further, unlike the defendant in Davis, appellant was already prohibited from possessing a firearm when he was convicted of burglary. The only difference was that, upon classification of statutory burglary as a violent felony and imposition of a five-year mandatory minimum sentence for such a conviction, appellant became subject to the mandatory minimum. His right to possess a firearm was no different after the General Assembly classified statutory burglary as a violent offense or after it provided for the mandatory minimum.

The General Assembly did not visit any additional punishment on appellant for the statutory burglary he committed. Instead, he was punished for a new and different crime that he committed as a recidivist. Therefore, the constitutional protection against ex post facto laws was not infringed.

II. WE DECLINE TO REACH THE QUESTION WHETHER THE EX POST FACTO CLAUSE OF ARTICLE I, SECTION 9 OF THE VIRGINIA CONSTITUTION BARS PROSECUTION OR AN ENHANCED SENTENCE BECAUSE APPELLANT SUPPLIES US WITH NO AUTHORITY IN SUPPORT OF THE ARGUMENT.

Appellant also makes mention of Article I, Section 9 of the Virginia Constitution, part of the Virginia Declaration of Rights. Among other protections, Article I, Section 9 prohibits the General Assembly from enacting "any ex post facto law." It may well be that, on the facts before us, Article I, Section 9 affords broader, narrower, or the same protections as those afforded by the Ex Post Facto Clause of the United States Constitution. Aside from a bare mention of Article I, Section 9, however, appellant provides us with no authority to guide our decision. In an otherwise well written and researched brief, he does not point us to anything in the debates leading to the adoption of the Virginia Declaration of Rights, relevant historical materials, or applicable case law, that would

elucidate the scope of the Ex Post Facto Clause of Article I, Section 9.  We recognize the laborious nature of such an exercise.  That, however, is precisely why counsel should make the effort to supply the Court with *some* authority beyond a casual citation to the relevant constitutional provision.  Just as it is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims," Fitzgerald v. Bass, 6 Va. App. 38, 56 n. 7, 366 S.E.2d 615, 625 n. 7 (1988) (en banc), neither is it our function to comb through the historical record, unassisted, to determine whether a constitutional claim has merit.  Our adversarial system requires the aid of counsel if it is to function properly.  We have no basis upon which to conclude that appellant's conviction and sentence infringes Article I, Section 9 of the Virginia Constitution, and accordingly, we decline to reach the issue.

CONCLUSION

We affirm the decision of the trial court.

Affirmed.