**Norfolk**

ANTHONY JORDAN, a/k/a RANDY JORDAN

v.

COMMONWEALTH OF VIRGINIA

No. 1465-91-1

Decided February 23, 1993

COUNSEL

Terry N. Grinnalds, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his jury trial conviction of attempted robbery and use or display of a firearm during commission of attempted robbery, Anthony Jordan, a/k/a Randy Jordan, contends: (1) that the evidence was insufficient to support his convictions; (2) that the trial court erred in receiving into evidence proof of the co-defendant Hopson's three prior firearm use convictions; and (3) that the trial court erred in refusing to give separate finding instructions relating respectively to co-defendants being tried jointly.

We find the evidence insufficient to support the convictions, and we reverse the judgment of the trial court on that ground. The other contentions are thereby rendered moot, and we do not address them.

On April 27, 1991, while on patrol in a high crime area, Officers Browning and Jardin spotted two men, Hopson and Jordan, crouched by the side of a Chevron Mart. The officers called for back-up and positioned themselves so that they could watch the men's actions. Officer Browning observed the two men talking and looking around the corner of the building. He noticed that Hopson was wearing a white stocking cap, pulled down to just above his eyebrows. Officer Scott, who responded to the call, saw Hopson with a mask covering his face. He further observed that, when arrested, Hopson still wore the mask but not over his face. Officer Anderson, who arrived with Officer Scott, saw Jordan peeping around the corner of the store while holding a revolver. Anderson also saw the stocking cap on Hopson's head.

When an ambulance drove by, sounding its siren, the two men attempted to flee by bicycle. They failed to stop at the officers' command and were forcibly detained. Officer Browning grabbed the handlebars of Hopson's bicycle. Other officers knocked Jordan off his bicycle onto the ground. The officers found the previously seen handgun next to Jordan. The store manager told the officers that Jordan had come into the store several times and one time had bought a bottle of wine.

Upon questioning by the police at the police station, both men stated they were behind the store drinking wine, which they had bought at the store. They said that Jordan had gone inside to price beer, but they found it too expensive and decided to leave the area. Jordan explained that he had borrowed the coat he was wearing from his cousin and that he knew the gun was in the coat. Hopson denied seeing or knowing about the gun.

At trial, Jordan's cousin testified that Jordan came to her house earlier and left with her coat. She said that she left her revolver in this coat.

Jordan testified that he borrowed the jacket from his cousin when he left her house. He explained that he drank a bottle of wine with Hopson behind the store and tried to buy beer in the store, but found it too expensive. He also stated that he was unaware that the gun was in his pocket, and that his previous statement to the officers at the police station was that the gun must belong to his cousin because it was her jacket.

 Hopson testified that he saw Jordan borrow the jacket but never saw the gun. He also stated that they were drinking wine behind the store and peeked around the corner only to try to avoid being arrested for drinking in public. He claimed that he wore a "wave" cap, but never pulled it over his face. Both men maintained that they were unaware that the police were in the area until they were stopped while attempting to leave on their bicycles. Officer Anderson testified that when Hopson saw him, he uttered an obscenity and both men hurriedly tried to leave.

[A]n attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act towards [sic] its consummation. which is more than mere preparation but falls short of execution of the ultimate purpose.

*Sizemore v. Commonwealth* 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978).

[T]he question of what constitutes an attempt is often intricate and difficult to determine, and . . . no general rule can be laid down which will serve as a test in all cases. Each case must be determined on its own facts.

*Id.* at 985, 243 S.E.2d at 215. Under familiar principles, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable, fairly deducible, inferences. The jury's verdict will not be set aside unless it is plainly wrong or without evidence to support it. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Viewed in the light most favorable to the Commonwealth, the evidence places Hopson and Jordan outside the store, acting suspiciously and constantly peeking around the corner. Jordan wielded a gun and, at one point, Hopson had a mask covering his face. On several occasions, apparently to reconnoiter the place, Jordan entered the store. When Hopson saw Officer Anderson, he exclaimed an obscenity, and both men quickly tried to leave. They failed to stop at the officers' demand and had to be detained forcibly. These circumstances support a finding that the men intended to rob the store. *Bell v. Commonwealth*, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991). However, they do not constitute commission of an overt act toward the accomplishment of the crime.

■ To prove an attempt, the Commonwealth must demonstrate a direct, ineffectual act that "must go beyond mere preparation and be done to produce the intended result." *Tharrington v. Commonwealth*, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986) (citation omitted). None of the two men's actions can be regarded as an act toward the consummation of a robbery. The evidence reveals at best mere preparation to commit robbery. Hopson and Jordan made no move toward the door of the store. They were diverted from their purpose before they committed any act toward its accomplishment.

Because the evidence is insufficient to support Jordan's conviction of attempted robbery, it is likewise insufficient to support his conviction of use or display of a firearm during an attempt to commit robbery.

For the foregoing reasons, the judgment of the trial court is reversed and the charges are dismissed.

*Reversed and dismissed.*

Elder, J., and Bray, J., concurred.