## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Gail Holdaway

June 18, 1993

Case No. (Criminal) 8182

BY JUDGE THOMAS D. HORNE

Gail Holdaway is charged with the attempted capital murder of Russell McQuain. The evidence introduced by the Commonwealth at trial makes out a prima facie case of solicitation to commit capital murder. Section 18.2–29, Code of Virginia, as amended. Indeed, counsel for the Defendant concedes the adequacy of the proof of such solicitation. However, by his Motion to Strike at the conclusion of the Commonwealth's case made during a bench trial June 2, 1993, the Defendant challenges the evidence of the offense that the Commonwealth seeks to prove, that is, an attempt to commit capital murder. Section 18.2–25, Code of Virginia, as amended.

In their argument in opposition to the motion, the Commonwealth seeks to reverse century old precedent in the Commonwealth in favor of a view adopted by but a few foreign jurisdictions. The Court refuses to make such a radical departure from clear precedent and will grant the motion to strike.

In order to convict one of an attempt, as distinguished from a solicitation to commit an offense, not only must the prosecution show the actor to have the requisite *mens rea*, but must also show the commission of an act, beyond mere preparation, directed towards its consummation which falls short of the accomplishment of the ultimate purpose. *Jordan v. Commonwealth*, 15 Va. App. 759, 427 S.E.2d 231 (1993); *see also, Sizemore v. Commonwealth*, 218 Va. 980, 983 (1978); *Armes v. Commonwealth*, 3 Va. App. 189 (1986).

In 1889 the Supreme Court of Virginia decided that solicitation to commit murder by poison did not constitute the crime of attempted

murder. In *Hicks v. Commonwealth*, 86 Va. 223, 9 S.E. 1024 (1889), the defendant went so far as to provide the poison to be used to kill the intended victim. The Court stated, however:

> The means intended to be employed to consummate the offense were — First, the purchase of poison; and, secondly, the delivery of the poison to an agent, to be by her administered. But, as the party to whom the poison was delivered refused to administer it, or to do any act in furtherance of the design, there has been no direct act done towards the commission of the offense, and, consequently, no attempt, in a legal sense, to commit the crime has been established. *In other words, the acts proved, no matter how, in a moral point of view, may be regarded, do not, in the eye of the law, approximate sufficiently near to the commission of murder to advance the conduct of the prisoner beyond the sphere of mere intent. Id.* at 1026 (emphasis added).

In the instant case the evidence when looked upon in the light most favorable to the Commonwealth, shows that the Defendant gave money to a police officer, posing as a hit man, as down payment on a murder for hire. As in *Hicks*, the defendant's actions fell short of an attempt to commit murder. They were still preparatory in nature.

A fine line of demarcation exists between solicitation and attempt. "Some discussion has arisen as to whether solicitation is an attempt, but it seems well established that to invite or solicit one to commit crime, where no attempt is actually made to commit it, at least in some cases, is indictable at common law as solicitation. Solicitation, or inciting to crime, does not proceed to the point of some overt act in the commission of crime. When it proceeds to this point it becomes an attempt to commit crime and is indictable as such." *Huffman v. Commonwealth*, 222 Va. 823, 826 (1981), citing *Wiseman v. Commonwealth*, 143 Va. 631, 637–38 (1925). The Court fails to see the distinction which the Commonwealth seeks to draw between payment constituting the requisite overt act in the case of murder for hire and in the case of murder. While payment may be a necessary element of the former, thereby aggravating the permitted punishment, it is the act of the killing of another which the statute ultimately seeks to proscribe. It is towards this ultimate act the perpetrator must act beyond mere preparation.

Counsel for the Defendant has argued that the case of *State of Idaho v. Otto*, 629 P.2d 646 (1981), is persuasive authority in support of the motion to strike. The facts in *Otto* strikingly parallel those in the present case. In *Otto*, the accused attempted to hire an undercover policeman to commit murder. As noted by the Supreme Court of Idaho, "The solicitor of another, assuming neither solicitor nor solicitee proximately acts toward the crime's commission, cannot be held for an attempt. He does not by his incitement of another to criminal activity commit a dangerously proximate act of perpetration." *Id.* at 650. The Court went on to hold "The conversation in the Long Branch at which appellant solicited the undercover policeman, and the payment of part of the agreed upon fee, are not acts of perpetration at all but are clearly the preparatory acts of incitement of another to commit a crime, i.e., of mere solicitation. These acts are not sufficient under the law above discussed to support a conviction on the charge of attempted murder." *Id.* at 651.

The Commonwealth has failed to prove the defendant committed the crime of attempted murder. It is not for this Court to decide why the Commonwealth elected to proceed upon the present charge or whether the Defendant is guilty of a crime with which he is not charged.

Accordingly, the motion to strike is granted, the indictment is dismissed, and the bond discharged.