COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


JONATHAN PETER PARSONS
                                          OPINION BY
v.    Record No. 2747-98-4      JUDGE ROSEMARIE ANNUNZIATA
                                        JUNE 13, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                  William Shore Robertson, Judge

          Robert C. Whitestone (Whitestone, Brent,
          Young & Merril, P.C., on brief), for
          appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     Jonathan Peter Parsons appeals his conviction for attempt

to purchase a firearm as a convicted felon in violation of Code

§ 18.2-308.2(A)(ii).[1]  Parsons contends the trial court erred in

excluding as hearsay his testimony concerning statements made by

the juvenile and domestic relations district court judge who

sentenced him in 1994 and that the exclusion of this evidence

prejudiced his defense in violation of the Fourteenth Amendment

to the United States Constitution.  Parsons also claims the

trial court erred in finding the evidence sufficient to convict

_____
     [1] The statute provides that it shall be unlawful for "any
person under the age of twenty-nine who was found guilty as a
juvenile fourteen years of age or older at the time of the
offense of a delinquent act which would be a felony if committed
by an adult" to possess a firearm.

him of an attempt to purchase a firearm in violation of Code § 18.2-308.2(A)(ii).  For the reasons that follow, we reverse and remand for a new trial.

### FACTUAL BACKGROUND

"On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).  On September 10, 1997, Parsons visited the Clark Brothers Gunshop in Fauquier County in order to purchase a firearm.  Parsons selected the weapon he wished to purchase and completed and signed the "Virginia Criminal History Check Form" ("Form") required of prospective purchasers of firearms.  The Virginia State Police are required by law to review and approve this form before the gun dealer may sell a firearm to a prospective customer. Parsons did not state on the Form that he had any prior convictions or juvenile adjudications.  Subsequently, the state police investigated Parsons' statements on the Form and found that Parsons had pleaded guilty in a juvenile adjudication on October 3, 1994, on a charge which would have been a felony had Parsons been tried as an adult.  Parsons was charged with attempting to purchase a firearm as a convicted felon, in violation of Code § 18.2-308.2(A)(ii).

- 2 -

A bench trial was held on July 22, 1998, at which time Parsons sought to have admitted statements purportedly made to him by the juvenile and domestic relations district court judge indicating that once he reached the age of eighteen, all record of his juvenile adjudication would be expunged. Parsons proffered this evidence, not for its truth, but to show its effect upon him as the intended recipient of a statement made by a government official interpreting the law. The circuit court excluded this testimony as hearsay but accepted Parsons' proffer of the excluded statement's nature and content. Parsons moved to strike the Commonwealth's evidence as insufficient to support a conviction for attempt. His motion was denied. At the conclusion of all of the evidence, Parsons renewed his earlier motion to strike, and the court again denied it. Parsons was found guilty as charged and was sentenced to five years in prison, with four years suspended. This appeal followed.

## HEARSAY ISSUE

The Commonwealth concedes, and we agree, that although hearsay evidence generally is inadmissible, a "verbal act," a statement merely offered to show its effect upon a party and not for the truth of the matter asserted is excluded from the hearsay rule and, consequently, the statements of the juvenile and domestic relations district court judge should have been admitted. See Eckhart v. Commonwealth, 222 Va. 213, 216, 279

S.E.2d 155, 157 (1981); Miller v. Commonwealth, 25 Va. App. 727, 738-41, 492 S.E.2d 482, 488-89 (1997).  We therefore reverse the trial court's decision and remand the case for a new trial, if the Commonwealth be so disposed.[2]

SUFFICIENCY OF THE EVIDENCE TO PROVE ATTEMPT

Because we find grounds to reverse the case on the basis of improperly omitted evidence and remand the case for a new trial, we address Parsons' claim that the Commonwealth failed to present sufficient evidence of his attempt to purchase a firearm in contravention of Code § 18.2-308.2(A)(ii).  If the evidence adduced at trial was insufficient to convict Parsons, he is entitled to an acquittal; if he is so entitled, a remand for retrial would violate the Constitution's prohibition against double jeopardy.  As established in Burks v. United States, 437 U.S. 1 (1978), a full sufficiency analysis is required to satisfy the mandate of the Double Jeopardy Clause of the federal Constitution.  See Timbers v. Commonwealth, 28 Va. App. 187, 202, 503 S.E.2d 233, 240 (1998) (citing Burks, 437 U.S. at 18) (discussion of evidentiary sufficiency required by Double Jeopardy Clause in cases remanded for other error); see also Lockhart v. United States, 488 U.S. 33, 40-42 (1988) (Supreme Court reversed and remanded for trial court's error in

---

[2] Because we cannot conclude from the record that the trial court's failure to admit the proffered statement was harmless, we must reverse and remand for a new trial.

- 4 -

considering inadmissible evidence, and discussed the sufficiency of evidence upon which defendant was convicted to determine whether remand would violate Double Jeopardy Clause); United States v. Simpson, 910 F.2d 154, 159 (4th Cir. 1990) (citing Burks, 437 U.S. at 18) (reversed trial court's decision to admit testimony concerning drug courier profile, and undertook full discussion of evidentiary sufficiency to determine whether retrial upon remand would violate Double Jeopardy Clause).[3]

Parsons cites Dodson v. Commonwealth, 23 Va. App. 286, 476 S.E.2d 512 (1996), in support of his contention that the Commonwealth's evidence that he attempted to violate Code § 18.2-308.2(A)(ii) was insufficient as a matter of law. In Dodson, a convicted felon paid for a firearm but returned to the store on a later date to take possession of it. See id. at 303, 476 S.E.2d at 521. The Court found that the defendant's act of paying for the firearm constituted an attempt, because it sufficiently furthered the crime of possessing a firearm. See id. at 304, 476 S.E.2d at 521. Parsons argues that because he

---

[3] We note that in Allen v. Commonwealth, 171 Va. 499, 198 S.E. 894 (1938), the Supreme Court of Virginia declined to discuss the evidence under analogous circumstances, although it acknowledged that if "no other verdict, save that of 'not guilty,' could properly be reached" from the evidence on record, then "the prosecution should be dismissed." Id. at 504, 198 S.E. at 897. Burks, 437 U.S. 1, makes clear, however, that Allen's limited analysis is no longer sufficient. See Timbers, 28 Va. App. at 202, 503 S.E.2d at 240 (recognizing necessity for discussion of evidentiary sufficiency in cases remanded for other error).

never paid for the firearm or accepted delivery of it, the evidence in his case established only preparation to possess a firearm. Our holding in Dodson does not compel the conclusion Parsons asks us to draw.

An attempt is composed of two elements: the intent to commit the crime, and a direct, ineffectual act done towards its commission. See Haywood v. Commonwealth, 20 Va. App. 562, 565, 458 S.E.2d 606, 607-08 (1995) (citing Merritt v. Commonwealth, 164 Va. 653, 657, 180 S.E. 395, 397 (1935)). "[S]light acts done in furtherance of [the criminal] design will constitute an attempt . . . ." Sizemore v. Commonwealth, 218 Va. 980, 985, 243 S.E.2d 212, 215 (1978). "[W]hat constitutes an attempt is often . . . difficult to determine, and . . . no general rule can be laid down which will serve as a test in all cases. Each must be determined on its own facts." Id.

"'A direct, ineffectual act, done toward commission of an offense need not be the last proximate act toward completion, but "it must go beyond mere preparation and be done to produce the intended result."'" Siquina v. Commonwealth, 28 Va. App. 694, 701, 508 S.E.2d 350, 353 (1998) (quoting Fortune v. Commonwealth, 14 Va. App. 225, 229, 416 S.E.2d 25, 28 (1992) (additional citations omitted)).

> Although it is impossible to adopt a
> bright-line rule for distinguishing acts of
> mere preparation from acts that constitute
> an attempt, "it may be said that preparation

- 6 -

> consists [of] . . . arranging the means or measures necessary for the commission of the offense and that the attempt is the direct movement toward the commission after the preparations are made."

Id. (quoting Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946)). Moreover, when intent has been established, "'any slight act done in furtherance of this intent will constitute an attempt.'" Id. (quoting Fortune, 14 Va. App. at 229, 416 S.E.2d at 28). To constitute an attempt, "the evidence must prove that the preparation proceeded 'far enough towards the accomplishment of the desired result to amount to the commencement of the consummation.'" Lewis v. Commonwealth, 15 Va. App. 337, 340, 423 S.E.2d 371, 373 (1992) (quoting Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969)). "[T]here must be some appreciable fragment of the crime committed, it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter, and the act must not be equivocal in nature." Id. (citation omitted).

Viewing the evidence in the light most favorable to the Commonwealth, and granting to it all reasonable inferences fairly deducible therefrom, see Hunley, 30 Va. App. at 559, 518 S.E.2d at 349, we conclude the evidence was sufficient beyond a reasonable doubt to support Parsons' conviction. That Parsons did not pay for the firearm is immaterial to whether he engaged

- 7 -

in acts which constituted the "beginning of the completion" of the gun purchase.  See Lewis, 15 Va. App. at 340, 423 S.E.2d at 373 (citing Barrett, 210 Va. at 156, 169 S.E.2d at 451). Submitting the required Form is a direct act done toward the completion of a felony, which is not materially different from the payment of the sale price of the gun.  See Haywood, 20 Va. App. at 565, 458 S.E.2d at 607-08.  Both acts move beyond arranging the means to purchase the gun and effectively invoke action on the part of the vendor, thereby commencing the consummation of the intended unlawful act.  The Commonwealth therefore presented sufficient evidence to prove that Parsons attempted to purchase a firearm in contravention of Code § 18.2-308.2(A)(ii), and we accordingly affirm the trial court's conclusion to that effect.  Because the evidence was sufficient to support a finding of guilt, a retrial of the case taking into account the statement of the juvenile and domestic relations district court judge offered by Parsons will not violate the Double Jeopardy Clause.  We accordingly reverse, and remand for a new trial.

Reversed and remanded.

Benton, J., concurring, in part, and dissenting, in part.

I concur in the parts of the opinion styled Factual Background and Hearsay Issue. Therefore, I concur in the judgment remanding for a new trial.

I do not join in the discussion styled Sufficiency of the Evidence to Prove Attempt. Given that evidence favorable to Parsons was improperly excluded by the trial judge, we need not analyze in detail the Commonwealth's evidence that favors guilt. Under well established principles, we need only say that we cannot conclude as a matter of law that the incomplete evidence considered by the trier of fact was insufficient to support the verdict. See Allen v. Commonwealth, 171 Va. 499, 504, 198 S.E. 894, 897 (1938) (holding that when a case must be retried because of trial error, a "discuss[ion] [of] the [sufficiency of the] evidence . . . would only be proper if, upon it, no other verdict, save that of 'not guilty,' could properly be reached").

At issue in Burks v. United States, 437 U.S. 1 (1978), was whether an appellate court's finding of insufficiency of the evidence bars retrial of an accused. See id. at 2. The Supreme Court held that it did. See id. at 18. Burks did not mandate, however, that we engage in an extensive sufficiency analysis in a case where the evidence was insufficient. In particular, we have no need now to discuss intent on a review of evidence that

has been improperly truncated to eliminate Parsons' evidence concerning intent.

On remand, the evidence clearly will not be the same. In addition to the evidence that we have held to be admissible, the evidence likely will include additional testimony from Parsons concerning his intent, which was precluded when the trial judge excluded the contested evidence. Thus, the context in which additional evidence and issues will arise on remand precludes a detailed discussion at this stage of the proceedings concerning the sufficiency of the evidence. Indeed, in a prosecution of this type, whether the evidence proved mere preparation or an attempt "is often intricate and difficult to determine, and . . . no general rule can be laid down which will serve as a test in all cases." Jordan v. Commonwealth, 15 Va. App. 759, 761, 427 S.E.2d 231, 233 (1993) (citation omitted). As the Supreme Court has stated, "[e]ach case must be determined on its own facts." Sizemore v. Commonwealth, 218 Va. 980, 985, 243 S.E.2d 212, 215 (1978).

"To prove an attempt, the Commonwealth must demonstrate a direct, ineffectual act that 'must go beyond mere preparation and be done to produce the intended result.'" Jordan, 15 Va. App. at 762, 427 S.E.2d at 233 (emphasis added) (citation omitted). Clearly, if Parsons made the application to learn whether the advice he was given was true, the question of

preparation becomes a more viable issue than discussed in the majority opinion.  Upon that evidence, Parsons' failure to tender funds becomes more significant.  Thus, I believe that much of the sufficiency discussion is dicta and constitutes an advisory opinion.

For these reasons, I concur in the reversal and remand based on the evidentiary error.  I would leave for another day, if necessary, the detailed discussion of the sufficiency of the evidence.