BENTON, Judge,
concurring, in part, and dissenting, in part.
I concur in the parts of the opinion styled Factual Background and Hearsay Issue. Therefore, I concur in the judgment remanding for a new trial.
I do not join in the discussion styled Sufficiency of the Evidence to Prove Attempt. Given that evidence favorable to Parsons was improperly excluded by the trial judge, we need not analyze in detail the Commonwealth’s evidence that favors guilt. Under well established principles, we need only say that we cannot conclude as a matter of law that the incomplete evidence considered by the trier of fact was insufficient to support the verdict. See Allen v. Commonwealth, 171 Va. 499, 504, 198 S.E. 894, 897 (1938) (holding that when a case must be retried because of trial error, a “discuss[ion][of] the [sufficiency of the] evidence ... would only be proper if, upon it, no other verdict, save that of ‘not guilty,’ could properly be reached”).
At issue in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), was whether an appellate court’s finding of insufficiency of the evidence bars retrial of an accused. See id. at 2, 98 S.Ct. at 2142-43. The Supreme Court held that it did. See id. at 18, 98 S.Ct. at 2150-51. Burks did not mandate, however, that we engage in an extensive sufficiency analysis in a case where the evidence was insufficient. In particular, we have no need now to discuss intent on a review of evidence that has been improperly truncated to eliminate Parsons’ evidence concerning intent.
On remand, the evidence clearly will not be the same. In addition to the evidence that we have held to be admissible, *585 the evidence likely will include additional testimony from Parsons concerning his intent, which was precluded when the trial judge excluded the contested evidence. Thus, the context in which additional evidence and issues will arise on remand precludes a detailed discussion at this stage of the proceedings concerning the sufficiency of the evidence. Indeed, in a prosecution of this type, whether the evidence proved mere preparation or an attempt “is often intricate and difficult to determine, and ... no general rule can be laid down which will serve as a test in all cases.” Jordan v. Commonwealth, 15 Va.App. 759, 761, 427 S.E.2d 231, 233 (1993) (citation omitted). As the Supreme Court has stated, “[e]ach case must be determined on its own facts.” Sizemore v. Commonwealth, 218 Va. 980, 985, 243 S.E.2d 212, 215 (1978).
“To prove an attempt, the Commonwealth must demonstrate a direct, ineffectual act that ‘must go beyond mere preparation and be done to produce the intended result.’ ” Jordan, 15 Va.App. at 762, 427 S.E.2d at 233 (emphasis added) (citation omitted). Clearly, if Parsons made the application to learn whether the advice he was given was true, the question of preparation becomes a more viable issue than discussed in the majority opinion. Upon that evidence, Parsons’ failure to tender funds becomes more significant. Thus, I believe that much of the sufficiency discussion is dicta and constitutes an advisory opinion.
For these reasons, I concur in the reversal and remand based on the evidentiary error. I would leave for another day, if necessary, the detailed discussion of the sufficiency of the evidence.