# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **30th** *day of* **October, 2018**.

Dustin Scott Jones,                                                                                    Appellant,

 against          Record No. 1764-16-2
                 Circuit Court Nos. CR16000048-00, CR16000064-00 and CR16000065-00

Commonwealth of Virginia,                                                                 Appellee.

Upon a Petition for Rehearing En Banc

Before the Full Court

On October 16, 2018 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on October 2, 2018, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the petition for rehearing *en banc* is granted and the appeal of those issues is reinstated on the docket of this Court.  The mandate previously entered herein is stayed pending the decision of the Court *en banc*.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b).  The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter.  An electronic version of each brief shall be filed with the Court and served on opposing counsel.  In addition, four printed copies of each brief shall be filed.  It is further ordered that the appellee shall file an electronic version and four additional copies of the appendix previously filed in this case.[1]

A Copy,
                                        Teste:

                                                  Cynthia L. McCoy, Clerk
                                                  *original order signed by a deputy clerk of the*
                                        By:       *Court of Appeals of Virginia at the direction*
                                                  *of the Court*
                                                  Deputy Clerk

---

[1]  The guidelines for filing electronic briefs and appendices can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present:   Judges Russell, Chafin and Senior Judge Clements
Argued at Richmond, Virginia


DUSTIN SCOTT JONES

v.        Record No. 1764-16-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
OCTOBER 2, 2018


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

Aaron M. Vandenbrook, Assistant Public Defender I (Shaun R.
Huband, Deputy Public Defender, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Appellant was convicted in a bench trial of conspiracy to commit robbery, attempted

robbery, and use of a firearm in the commission of attempted robbery.  He argues on appeal that

the evidence did not prove attempted robbery because the evidence did not establish that he

performed an overt act in furtherance of the intended robbery.  He also contends that the

evidence is insufficient to sustain his conviction for use of a firearm.  We agree, and reverse and

dismiss both convictions.[1]

## BACKGROUND

At about 5:45 a.m. on October 6, 2015, Petersburg Police Officers Binford and Seabridge

saw a white Mercedes drive into the parking lot of a housing complex that they were observing.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although appellant included the circuit court case number for his conspiracy conviction
in his notice of appeal, he has not in fact contested that conviction.

They were in an unmarked pickup truck, but wearing full uniform. A man exited the car and walked across the street. Two other men, who were later identified as appellant and Phillip Boyce, got out of the car a few minutes later and "adjust[ed]" their clothing for four or five minutes before starting to cross the street in the same direction that the first man had gone. The officers followed the men to an alley between two residences. They saw appellant and Boyce at the corner behind one of the houses, but not near the door. When the men saw the officers, they started to walk down the alley toward the street. The officers exited their truck and announced their presence. Boyce stopped walking, but appellant fled. Seabridge saw appellant run in and out of a fenced parking lot before returning to the Mercedes and driving away.

Another officer apprehended appellant a short time later. Seabridge then searched the Mercedes, recovering a ski mask. He located another ski mask in a street that appellant had travelled before he was stopped. Several hours later, in response to a telephone call, Seabridge searched the fenced-in area where he had seen appellant running and found a sawed-off shotgun under a bush inside the gate.

After he was arrested, appellant gave Detective Ewers conflicting statements about the incident, but eventually admitted that he and Boyce were there to "make sure Trip didn't get hurt." According to appellant, Trip had intended to rob a known drug dealer, A.S. No evidence was presented at trial regarding where A.S. lived.

The trial court determined that appellant's statement to the police that he accompanied Trip to protect him during the planned robbery made appellant "part of the robbery." The court said that if appellant had said nothing, the evidence would be insufficient to convict him.

ANALYSIS

When reviewing a challenge to the sufficiency of the evidence, this Court considers the evidence in the light most favorable to the Commonwealth, the prevailing party below, and

- 2 -

reverses the judgment of the trial court only when its decision is plainly wrong or without evidence to support it.  See Farhoumand v. Commonwealth, 288 Va. 338, 351, 764 S.E.2d 95, 102 (2014).

An attempted crime "is composed of two elements, the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design."  Rogers v. Commonwealth, 55 Va. App. 20, 24-25, 683 S.E.2d 311, 312-13 (2009) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968)). Here, because appellant has not challenged the sufficiency of the evidence to prove intent to commit robbery, we are concerned only with whether the evidence proved an overt or direct act. If the intent to commit a crime is clearly established, "slight acts done in furtherance of this design will constitute an attempt."  Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986) (quoting State v. Bell, 316 S.E.2d 611, 616 (N.C. 1984)).  Whether conduct is an overt act is determined by the specific facts of each case.  See Jay v. Commonwealth, 275 Va. 510, 525, 659 S.E.2d 311, 320 (2008).  The act must be more than mere preparation, but it need not be the last act necessary to accomplish the crime.  See id. at 526, 659 S.E.2d at 320.  However, the act must be a "step in a direct movement towards the commission of the offence after the preparations are made."  Rogers, 55 Va. App. at 25, 683 S.E.2d at 314 (quoting Hicks v. Commonwealth, 86 Va. 223, 227, 9 S.E. 1024, 1025 (1889)).

We agree with appellant that his case is controlled by Hopson v. Commonwealth, 15 Va. App. 749, 427 S.E.2d 221 (1993), and Jordan v. Commonwealth, 15 Va. App. 759, 427 S.E.2d 231 (1993).  Those cases involved co-defendants whose convictions for attempted robbery were reversed on appeal.  The two men were observed outside a store "behaving suspiciously."  Hopson, 15 Va. App. at 752, 427 S.E.2d at 223.  Hopson was seen wearing a mask at one point, and Jordan had a gun in his pocket and had surveyed the store.  Id.  But they

did not attempt to enter the store, and they made no "move toward realizing the ultimate purpose of robbery." Id. We held that the evidence was "consistent only with scouting the store," but did not demonstrate an overt act to support attempted robbery. Id.

Similarly, here, the evidence did not prove that appellant had begun the actual robbery or that its execution was otherwise imminent. The evidence established that Officers Binford and Seabridge saw a man get out of a car that had been driven into a parking lot and then walk across the street. A few minutes later, they saw appellant and Boyce get out of the car, adjust their clothing and put on hooded sweatshirts, and then walk down an alley between two buildings in the same direction as the first man had gone. However, there was no evidence presented that the planned robbery was imminent or that the intended victim lived in the area of the alley, or was expected to be there at that time. Thus, the evidence showed only some possible preparation for the intended crime, rather than any overt act. "The [attempted] crime must be 'in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter, and the act must not be equivocal in nature.'" Bloom v. Commonwealth, 34 Va. App. 364, 371, 542 S.E.2d 18, 21 (quoting Lewis v. Commonwealth, 15 Va. App. 337, 340, 423 S.E.2d 371, 373 (1992)), aff'd, 262 Va. 814, 554 S.E.2d 84 (2001).

The Commonwealth's reliance on Rogers is misplaced because the facts in the case are distinguishable from appellant's case. In Rogers, the victim saw appellant and another man standing outside his apartment building. A short time later, the victim's doorbell rang, and when he looked out the peephole in the front door, he saw appellant and the other man. The appellant put a black bandana over his face. The victim told his wife to call the police. Looking out the peephole again, the victim saw a third man who appeared to have a gun, and appellant had a baseball bat in his hands. The men continued to ring the doorbell, but the victim did not open the door. The three men fled in a car as the police arrived. This Court held that the evidence was

sufficient to convict appellant of attempted robbery because the completion of the crime was foiled by the appearance of the police.  <u>See</u> 55 Va. App. at 29, 683 S.E.2d at 316.

In appellant's case, the police intervened before the intended robbery occurred, but evidence that appellant performed a direct act was lacking.  As in <u>Hopson</u> and <u>Jordan</u>, the evidence here did not establish the requisite overt act to prove attempted robbery.

Because we find the evidence insufficient to sustain appellant's conviction for attempted robbery, we also must find that the related conviction for use of a firearm fails.  "Under the plain language of Code § 18.2-53.1, there can be no conviction for use or attempted use of a firearm when there has been no commission of one of the predicate offenses enumerated in the statute." <u>Jay</u>, 275 Va. at 527, 659 S.E.2d at 321.  <u>See</u> Hopson, 15 Va. App. at 752-53, 427 S.E.2d at 223 (holding that defendant's conviction for use of a firearm in the commission of attempted robbery could not stand because it was "contingent upon proof of the underlying felony," and such proof was lacking).

For these reasons, we reverse and dismiss appellant's convictions for attempted robbery and use of a firearm in the commission of attempted robbery.

<u>Reversed and dismissed.</u>