UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, AtLee and Chaney
Argued at Fredericksburg, Virginia

ROBERT SHU-FAN KAO

MEMORANDUM OPINION* BY
v.      Record No. 0310-23-4      JUDGE RICHARD Y. ATLEE, JR.
MARCH 5, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

(George L. Freeman, IV; The Law Offices of George L. Freeman,
IV – PLLC, on brief), for appellant. Appellant submitting on brief.

Kimberly A. Hackbarth, Assistant Attorney General (Jason S.
Miyares, Attorney General; Michael L. Eaton, Assistant Attorney
General, on brief), for appellee.

Following a jury trial, Robert Kao was convicted of a felony violation of a protective order

in violation of Code § 18.2-60.4(B).[1] He contends that the trial court erred by admitting evidence of

his prior bad acts. He also asserts that the trial court erred by admitting a gas can and its contents

because the Commonwealth failed to establish a sufficient chain of custody. Finding no error in the

trial court's rulings, we affirm.

I. BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Code § 18.2-60.4 elevates a misdemeanor violation of a protective order to a felony
when a "person [is] . . . knowingly armed with a . . . deadly weapon." Code § 18.2-60.4(B).

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

Kao worked for Verisign at its Fairfax County headquarters from 2011 to 2012. Following his resignation in 2012, Kao was "[v]ery disgruntled" and continued to communicate with Verisign employees for "years." In 2016, he brought a loaded gun to Verisign, frightening employees. There were additional incidents, and Kao was identified as a "priority security concern." On May 21, 2020, Verisign obtained a two-year protective order prohibiting Kao from contacting its employees and requiring him to "stay at least [one] mile away" from headquarters. Despite the protective order, Kao returned to headquarters on June 30, 2020, with a can of gasoline and a lighter. In February 2021, he again brought a lighter with him and "doused himself with gasoline" "directly in front of" the headquarters' garage entrance.

On November 20, 2021, Kao approached the Verisign headquarters yet again, giving rise to the instant conviction. On that date, Verisign's security personnel notified the police after they saw Kao park across the street, exit his car, and pour gasoline on himself. After seeing the police approach, Kao ran across the street toward Verisign with a lighter. Two officers, Officer Rocco and Sergeant Duffy, intercepted Kao in the middle of the street. At that point, Kao was approximately 15 to 20 feet from Verisign. As Duffy approached Kao, he smelled an "overwhelming odor of gasoline." Kao's "hair was dripping wet and his clothes appeared saturated." Duffy saw Kao produce a flame from a lighter and ignite his sock. Rocco, who had arrived at the scene first, also smelled the gas fumes and saw Kao "actively trying to light . . . the wet clothing that was on his body." The officers pinned Kao face down on the pavement and handcuffed him; when they helped him to the curb, Kao's clothing left a wet imprint on the road. Kao was charged with violating the protective order, attempted arson, and threatening to burn.

Immediately before trial, the Commonwealth notified the trial court that it intended to introduce evidence of Kao's prior bad acts. The Commonwealth noted that Kao had an "M.O. of dousing himself in gasoline on or near the property." It also argued that Kao's prior bad acts were relevant to show his intent on November 20, 2021, and to demonstrate that his actions on that date were "threatening" to Verisign. The Commonwealth stressed that Kao's prior bad acts were "most relevant" to the threat to burn charge and constituted evidence of malice and Kao's "intent to do harm to Verisign." It emphasized that the prior acts were relevant to whether Verisign personnel reasonably perceived Kao's actions as a threat. Absent that context, the Commonwealth asserted that Kao's actions "could be . . . construed as self-harm."

Kao objected on the grounds that the proposed evidence was irrelevant and highly prejudicial. He stressed that there was no evidence that he threatened anyone at Verisign because he approached the building on a Saturday when it was unoccupied. When the trial court asked how the evidence would be unfairly prejudicial if it provided a limiting instruction to the jury, Kao suggested that jurors did not always comply with instructions.

Citing *Parnell v. Commonwealth*, 15 Va. App. 342 (1992), the trial court ruled that Kao's prior bad acts were admissible because they provided context to whether his actions on the date of the offense were a threat. When the Commonwealth presented evidence of Kao's prior bad acts during trial, the trial court cautioned the jury three times about the limited purpose of that evidence. It instructed the jury that Kao's prior actions were "offered solely for the purpose of putting the November 20th matters into context" and Kao's "guilt or innocence on the [current] charge . . . is not based upon any of the incidents which took place prior to the 20th of November 2021."

During the trial, the Commonwealth also sought to introduce the gas can that police found next to Kao's car on November 20, 2021. Kao objected, arguing that the Commonwealth

had not laid a proper foundation because it had not established a chain of custody. Initially, the trial court agreed. The Commonwealth asked the witness more questions to establish that he observed the gas can, took the gas can into custody, and the gas can in the courtroom was the same gas can the witness observed by Kao's car. Then Commonwealth then sought to introduce the gas can. Kao conducted a voir dire establishing that the witness did not seal the gas can in the box and the witness had not seen the gas can for 11 months. Kao objected arguing that the Commonwealth still had not properly established chain of custody. The trial court overruled the objection.

At the conclusion of the Commonwealth's evidence, Kao made a motion to strike the charges against him. The trial court denied the motion relating to the violation of a protective order charge. But it struck the attempted arson and threat to burn charges.

Kao testified on his own behalf. He admitted that he went to Verisign on November 20, 2021, to set himself on fire, or "self-immolate." Kao stated that he did so "[t]o protest civil rights violations in the company." He conceded that he approached Verisign despite the issuance of a protective order only a few days earlier that prohibited him being within one mile of the company. Kao agreed that he parked a rental car across the street from Verisign, doused himself with gasoline, and approached Verisign with a lighter in his hand. He expressly admitted that he knew that his actions violated the protective order. The jury convicted Kao of violating a protective order with a deadly weapon. This appeal follows.

## II. ANALYSIS

### A. *Prior Bad Acts*

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Conley v. Commonwealth*, 74 Va. App. 658, 670 (2022) (quoting *Jones v. Commonwealth*, 38 Va. App.

231, 236 (2002)). Although the trial court has discretion, it is not "free to simply act in any way it may deem desirable under the circumstances." *Lucas v. Riverhill Poultry, Inc.*, 300 Va. 78, 92 (2021). Instead, a trial "court 'has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 93 (quoting *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "In evaluating whether a trial court abused its discretion, . . . we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021) (alteration in original) (quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Turner v. Commonwealth*, 65 Va. App. 312, 327 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

Generally, "evidence which shows or tends to show that the accused is guilty of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is not admissible to show the accused's commission of the particular crime charged." *Kenner*, 299 Va. at 424 (quoting *Ortiz v. Commonwealth*, 276 Va. 705, 714 (2008)). "However, the general rule excluding evidence of other crimes 'must sometimes yield to society's interest in the truth-finding process, and numerous exceptions allow evidence of prior misconduct whenever the legitimate probative value outweighs the incidental prejudice to the accused.'" *Conley*, 74 Va. App. at 670 (quoting *Gonzales v. Commonwealth*, 45 Va. App. 375, 381 (2005) (en banc)).

Virginia Rule of Evidence 2:404(b) states in pertinent part that "if the legitimate probative value of such proof outweighs its incidental prejudice," evidence of other crimes or bad acts "is admissible if it tends to prove any relevant fact pertaining to the offense charged, such as where it is relevant to show motive, opportunity, intent, preparation, plan, knowledge,

- 5 -

identity, absence of mistake, accident, or if they are part of a common scheme or plan." "Evidence of other crimes is admissible if it tends to prove any fact in issue, even though it also tends to show the defendant guilty of another crime." *Conley*, 74 Va. App. at 671-72 (quoting *Spencer v. Commonwealth*, 240 Va. 78, 89 (1990)).  In Virginia, we have adopted "an 'inclusionary approach' to the uncharged misconduct doctrine by admitting such evidence 'if relevant, for any purpose *other than* to show a mere propensity or disposition on the part of the defendant to commit the crime.'" *Castillo v. Commonwealth*, 70 Va. App. 394, 415 (2019) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 757 n.8, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

Here, Kao's prior actions were relevant to both the attempted arson charge and the threat to burn charges.  To prove arson, the Commonwealth had to establish that Kao possessed the specific intent to set fire to the Verisign building.  *See generally Parsons v. Commonwealth*, 32 Va. App. 576, 582 (2000) ("An attempt is composed of . . . the intent to commit the crime, and a direct, ineffectual act done towards its commission.").  To prove threat to burn, the Commonwealth had to prove that Kao's conduct constituted a threat to burn Verisign property. *See* Code § 18.2-83.  In the context of Code § 18.2-83, "a threat is 'an avowed present determination or intent to injure presently or in the future.'" *Summerlin v. Commonwealth*, 37 Va. App. 288, 297 (2002) (quoting *Parnell v. Commonwealth*, 15 Va. App. 342, 345 (1992)). The communication of such threat "taken in its particular context, must reasonably cause the receiver to believe that the speaker will act according to his expression of intent." *Id.* (quoting *Perkins v. Commonwealth*, 12 Va. App. 7, 16 (1991)).  We have held that a threat is "an overt expression, by words or conduct, of a present intention to commit an immediate act of violence or force against the victim." *Bivins v. Commonwealth*, 19 Va. App. 750, 752 (1995) (addressing "threat" in the context of robbery).

Kao's prior actions were relevant to the attempted arson charge because it tended to prove whether he intended to set the Verisign headquarters on fire, as opposed to only himself. It was also relevant to the threat to burn charge because it was relevant to the context and whether his conduct was a "threat" to Verisign and its employees.

Moreover, the probative value of Kao's prior bad acts was greater than the incidental prejudice to him. *See Castillo*, 70 Va. App. at 417 ("Admission of evidence of other crimes committed by a defendant . . . is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice to the defendant." (alteration in original) (quoting *Rose v. Commonwealth*, 270 Va. 3, 11 (2005))). "[T]he responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court." *Id.* (alteration in original) (quoting *Ortiz*, 276 Va. at 715). Here, Kao's prior bad acts involving Verisign were extremely probative in ascertaining whether he intended to threaten or burn the Verisign building or personnel. Furthermore, the trial court gave several cautionary instructions "that we presume [were] followed by the jury." *Lambert v. Commonwealth*, 70 Va. App. 740, 752 (2019). Accordingly, the trial court did not commit reversible error by admitting evidence of Kao's prior bad acts.[2]

---

[2] Even assuming that the trial court erred by admitting evidence of Kao's prior bad acts, the error was harmless because the trial court struck the attempted arson and threat to burn charges, leaving the jury to consider only whether Kao violated the protective order. Kao expressly admitted that he violated the protective order when he approached Verisign on November 20, 2021, with a lighter in hand after he doused himself with gasoline. Kao does not dispute that the gasoline and lighter constituted a deadly weapon for the purpose of Code § 18.2-60.4. "Non-constitutional error is harmless if other evidence of guilt is so 'overwhelming' and the error so insignificant by comparison that we can conclude the error 'failed to have "any substantial" influence on the verdict.'" *Dandridge v. Commonwealth*, 72 Va. App. 669, 685 (2021) (quoting *Lienau v. Commonwealth*, 69 Va. App. 254, 270 (2018)).

B. *Chain of Custody*

To establish a chain of custody, the Commonwealth's evidence must "'afford[] reasonable assurance that the exhibits at trial are the same and in the same condition as they were when first obtained.' Whether the foundation is sufficient to properly establish the chain of custody is a question within the sound discretion of the trial court." *Hargrove v. Commonwealth*, 53 Va. App. 545, 553 (2009) (quoting *Anderson v. Commonwealth*, 274 Va. 469, 479 (2007)). "Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence." *Brown v. Commonwealth*, 21 Va. App. 552, 556 (1996) (quoting *Reedy v. Commonwealth*, 9 Va. App. 386, 391 (1990)).

Kao contends that the trial court erred by admitting the gas can purportedly recovered next to his car because the Commonwealth failed to establish the chain of custody between the time Sergeant Duffy collected it and the time of its admission at trial. He emphasizes that Sergeant Duffy conceded that he did not package the gas can and that he had last seen it 11 months earlier. In addition to the gas can, Kao also argues that "the odor of the gas" was also admitted, despite the absence of evidence establishing with reasonable certainty that it emanated from the same substance seized by Sergeant Duffy.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question

- 8 -

presented to the trial court.'" *Id.* at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)).

At trial, Kao's sole chain of custody objection was that Sergeant Duffy could not identify the gas can presented at trial as the same one he collected next to Kao's vehicle. Kao stressed that Sergeant Duffy stated that he transported the gas can to the "crime scene section" but did not address who and how it was handled after it was deposited there. He never raised a chain of custody objection to the "odor" of the gas. Thus, Kao has failed to preserve this specific aspect of his chain of custody argument. Rule 5A:18. "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, [Kao] does not argue these exceptions and we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

Although Kao's chain of custody argument regarding the gas can is preserved, we find no abuse of discretion in its admission. After the trial court sustained Kao's initial chain of custody objection, the Commonwealth questioned Sergeant Duffy further, and Sergeant Duffy identified the gas can as the same gas can he collected next to Kao's car. Such testimony was sufficient to "afford reasonable assurance" that it was the same gas can that Sergeant Duffy collected next to Kao's vehicle and that it was in the same condition at trial as when Sergeant Duffy collected it. *Pope v. Commonwealth*, 60 Va. App. 486, 511 (2012) (quoting *Pope v. Commonwealth*, 234 Va. 114, 121 (1987)). Thus, the trial court did not abuse its discretion in admitting the gas can.

### III. CONCLUSION

For the reasons stated, the trial court did not commit reversible error by admitting evidence of Kao's prior bad acts or by admitting the gas can recovered next to his car. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*